## Commonwealth ex rel. Zaffina, Appellant, v. Maroney.

Submitted October 5, 1966. Before BELL, C.J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Frank Daniel Zaffina,* appellant, in propria persona.

*Edwin J. Martin* and *Charles B. Watkins,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, November 15, 1966:

This is an appeal from an order of the Court of Common Pleas of Allegheny County which denied, without a hearing, a petition for the issuance of a writ of habeas corpus by Frank D. Zaffina, now serving a life sentence after having been found guilty of murder in the first degree.

The factual background of the events which led to Zaffina's conviction may be briefly stated.[1] Zaffina and Michael Popovich, residents of Cleveland, while on a visit to Pittsburgh were introduced to one Vincent Scatena and later to William and Ann Garrison. Popovich, Zaffina and Scatena were shown by William Garrison and Ann Garrison, his wife, the home of an

---

[1] In *Commonwealth v. Garrison,* 398 Pa. 47, 157 A. 2d 75 (1959), the facts are fully set forth.

84 year old woman, Mrs. Elizabeth Ensminger. Scatena told Popovich and Zaffina that Mrs. Ensminger kept a substantial amount of cash in a box at her home—a fact he had learned, allegedly, from Ann Garrison—and a plan was made to rob this elderly woman. Early in the evening of November 17, 1957, Zaffina and Popovich knocked on Mrs. Ensminger's door;[2] when she answered the door, they grabbed her, tripped and fell on her. While Mrs. Ensminger was attempting to resist Popovich struck her in the jaw. Mrs. Ensminger died from injuries sustained when she fell and by reason of the blow to her jaw. All that Popovich and Zaffina found was 17¢ in cash; they then left the house and returned to Scatena's tavern. Sometime later, Popovich, Zaffina, Scatena and the Garrisons were apprehended. William Garrison and Scatena were found guilty of murder in the first degree and their punishment fixed at life imprisonment after jury trials in which both Popovich and Zaffina testified on behalf of the Commonwealth.

Thereafter, Ann Garrison, Popovich and Zaffina—each represented by separate counsel—simultaneously entered pleas of guilty to murder generally. After a hearing before a two-judge court, Popovich and Zaffina were adjudged guilty of murder in the first degree and the penalty fixed at life imprisonment and Ann Garrison was adjudged guilty of murder in the second degree.

In Zaffina's petition for a writ of habeas corpus[3] he alleges: (a) that his confession was obtained from him by the police by coercion and police brutality; (b) that, at his initial interrogation by the police, he was without counsel; (c) that he was forced by the police

---

[2] Scatena remained in a car outside; the Garrisons sat in another car and saw Popovich and Zaffina enter and leave the house.

[3] A previous petition, based on the same grounds as the present petition, had been dismissed without hearing.

and the district attorney's office to testify falsely against both William Garrison and Scatena.

The record, which we have carefully examined, belies the charges made by Zaffina that his confession was coerced or that he was forced to testify at either of the trials of William Garrison and/or Scatena. On May 22, 1958, Zaffina, represented by Jacob Kalson, Esq.,—a lawyer of experience who previously had been for 21 years a member of the district attorney's staff—entered a plea of guilty to murder generally before Judges Loran L. Lewis and Frank E. Reed of the Court of Oyer and Terminer and General Jail Delivery of Allegheny County. At that time, a hearing was held at which the Commonwealth presented testimony and Ann Garrison, Popovich and Zaffina each testified.

At that hearing, the Commonwealth offered into evidence a statement or confession taken of Zaffina on November 30, 1957 while in police custody. To the introduction of that statement in evidence no objection was made. From this statement it appears Zaffina had been warned of his right to remain silent, that therein Zaffina said he made the statement voluntarily and without any police threats or promises and that he had been treated "[e]xceptionally well" by the police while he was in their custody. When Zaffina—30 years of age, married and the father of three children—took the stand, his testimony in part was as follows: "Q. When you were arrested, upon questioning you gave them a statement? A. That's right. Q. And your statement, too, in some minor details was changed because of some recollection that you had which in your mind you thought needed clearing up, is that right? A. That's right. Q. And also, for the purposes of the record, you cooperated from the beginning with the Police Department? A. That's right. Q. You testified against Scatena at his trial? A. That's right. Q. And you also gave testimony

for the Commonwealth in the trial of Bill Garrison? A. That's right."

In his closing plea, Zaffina's counsel emphasized that Zaffina was entitled to consideration by the court when it came to fixing the penalty because of his cooperation with the police and the fact that he had testified against William Garrison and Scatena. At no time was the voluntariness of Zaffina's confession placed in issue and neither at the trials of Scatena and William Garrison or at his own trial was any question of police brutality or coercion raised or even suggested. The whole thrust of Zaffina's plea for leniency was that he had admitted voluntarily and readily his complicity in the crime, that he had taken the stand twice to aid the Commonwealth in convicting two of his accomplices and that he had fully cooperated with and aided the police.

In *Commonwealth ex rel. Parker v. Myers,* 422 Pa. 221, 222, 223, 220 A. 2d 851, 852 (1966), this Court recently said: "Petitioner next contends that his confession was involuntary and, therefore, inadmissible at the hearing on his guilty plea. This contention . . . does not merit extended treatment. Petitioner entered a plea of guilty [while represented by counsel], there was no objection to the admission of the confession at the hearing, defense counsel stipulated to the truth of the confession, and petitioner took the stand and testified to substantially the same facts as contained therein. Such circumstances, we have consistently held, preclude a subsequent challenge to the admission of the confession on habeas corpus. [citing numerous authorities]." See also: *Commonwealth ex rel. Sanders v. Maroney,* 417 Pa. 380, 382, 383, 207 A. 2d 789 (1965).

A more flagrant attempt to abuse the process of habeas corpus can scarcely be imagined. After having used his cooperation with the police, his voluntary ad-

mission of complicity in the crime and his aid to the Commonwealth as a weapon to secure from the court a more lenient sentence, Zaffina—seven years after the event—now urges, without any justification of record, that whatever cooperation he gave the police and whatever admissions he made of his complicity in the crime were the result not of his own volition but of police coercion. This contention is absolutely contrary to the record evidence and lacks any merit.

Zaffina next urges that his constitutional right to counsel has been violated and that, even though he was represented by counsel at the time of his plea of guilty and hearing thereon, his lack of counsel at the time his statement or confession was made vitiates the use of such statement or confession. Zaffina's reliance upon *Escobedo v. Illinois,* 378 U. S. 478, 84 S. Ct. 1758 (1964) or *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602 (1966), is misplaced since neither *Escobedo* nor *Miranda* are retrospective in application to this 1958 trial: *Johnson v. New Jersey,* 384 U. S. 719, 86 S. Ct. 1772 (1966). We find no merit in this contention.

Our review of this record reveals that the matters averred in Zaffina's petition are refuted by the record facts and that the circumstances are such that a hearing is not required: *Commonwealth ex rel. Parker v. Myers,* 414 Pa. 427, 200 A. 2d 770 (1964). The court below very properly denied a hearing and dismissed the petition for the writ.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.