Commonwealth *v.* Zaffina, Appellant.

436

Submitted September 30, 1968.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John J. Dean,* for appellant.

*Charles B. Watkins* and *Carol Mary Los,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 27, 1968:

This is an appeal from a denial without hearing of a petition under the Post Conviction Hearing Act. Appellant originally pled guilty to murder generally and his degree of guilt hearing resulted in a conviction for first degree felony-murder. No appeal was taken from this conviction; but this petition represents appellant's third attempt at collateral relief. His first application for a writ of habeas corpus was denied without a hearing. His second application was also denied without a hearing with this Court affirming the disposition. *Commonwealth ex rel. Zaffina v. Maroney*, 423 Pa. 237, 223 A. 2d 678 (1966). In the present petition, appellant raises for the first time the contention that he was denied his right to know of and have counsel on direct appeal as required by *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963); *Commonwealth v. Wilson*, 430 Pa. 1, 241 A. 2d 760 (1968).

The Commonwealth initially questions the legal necessity of granting appellant the right to direct appeal. It bases this argument on our holdings in *Commonwealth v. Walters*, 431 Pa. 74, 244 A. 2d 757 (1968) and *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967) that where the defendant has entered a plea of guilty to murder generally and has been convicted of murder in the second degree, the failure to advise an indigent defendant of his *Douglas* rights does not necessarily entitle the defendant to a direct appeal. The rationale for these holdings was that the challenges which a defendant in this position might urge—the validity of the plea and the legality of the sentence—could be presented in a collateral attack as well as on a direct appeal and that since these issues are adjudicated in the collateral appeal there is no need to grant a direct appeal.

But in *Walters* and *Stokes* we made it quite clear that this rationale did not apply in those cases where the petitioner had been found guilty of first degree murder. "Since the Commonwealth is required to prove the elements of first degree murder beyond a reasonable doubt . . . a defendant so convicted (who pleads guilty) may have other errors to press on direct review (in addition to the validity of his plea and legality of sentence)." *Stokes,* supra at 268 n.5, 232 A. 2d at 194 n.5; *Commonwealth v. Feldman,* 432 Pa. 428, 248 A. 2d 1 (1968). Nor will this Court presuppose to determine whether the petitioner has additional legitimate claims which he can raise on a direct appeal beyond those which a collateral proceeding would permit him to present. Thus we conclude that petitioner would have been prejudiced if, in fact, he was denied his right of appeal.

The Commonwealth advances several grounds for denying petitioner his right to appeal, once we decide that his right to appeal is a meaningful one. First, it` contends that the record contradicts petitioner's claim that he did not make a knowing and intelligent waiver of his right of appeal. On the record before us we cannot agree that such a waiver has been shown. The Commonwealth directs our attention to appellant's post conviction hearing act petition which asserts "Appointed counsel visited petitioner a couple of times. On each occasion petitioner asked that counsel do something about his case, and on each occasion counsel only replied: 'leave it alone.'" This statement is not proof that appellant *knew* that he had a right to appeal. But assuming that it is, it certainly does not demonstrate that 1) he intelligently and voluntarily waived his right to appeal, 2) he knew that he had a right to counsel on appeal and 3) he knew he had a right to free counsel if indigent. In

*Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968) and again in *Commonwealth v. Mumford,* 430 Pa. 451, 243 A. 2d 440 (1968) we held unequivocally that where the trial record is silent on the issue of waiver, "the Commonwealth has the burden to show not only that a defendant was told, or knew, of his absolute right to appeal, but also that he knew he could have counsel for this appeal, and, if indigent, that he could have free counsel." *Mumford,* supra, at 454, 243 A. 2d at 442. Certainly the Commonwealth could not successfully urge that petitioner's request that counsel "do something about his case" constitutes a record sufficient to justify dismissal of this petition without hearing.

Nor does the hearing judge's independent inquiry into the validity of petitioner's allegations persuade us that dismissal without hearing was appropriate. The order of the court below dismissing the petition states "[petitioner] was represented by Jacob E. Kalson, an experienced and able member of the bar. Mr. Kalson has informed the Court that he remembered the case well and remembered quite clearly that Frank Daniel Zaffina was 'satisfied' with the sentence he received. Mr. Kalson was quite certain that Zaffina never indicated in any manner that he was desirous of any further action following his sentencing." The hearing judge's conclusion must be rejected and his manner of reaching it disapproved. The Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-9 explicitly provides that the petitioner shall have a "full and fair hearing on his petition." It then goes on to guarantee additional safeguards: the presence of the petitioner and a record of the proceedings. All of this was clearly ignored when the judge undertook on his own and in an ex parte informal fashion to review and consider evidence not

presented by the litigants and not properly of record.* The testimony of petitioner's trial counsel is crucial to the validity of petitioner's claim; certainly it should be sworn to, offered in open court in the usual manner and subject to the often telling exploration by cross-examination. None of these traditional and statutorily prescribed safeguards were present here.

Nor do we find persuasive the conclusion of the hearing judge that Mr. Kalson is "an experienced and able member of the bar." While this finding is not questioned, it is hardly dispositive of the issue whether on *this* occasion the appellant was fully informed of his right to appeal and knowingly and intelligently waived this right. What we said above applies with equal force here: whenever the facts alleged by petitioner indicate that he is entitled to a hearing, the hearing judge may never take it upon himself to substitute an off-the-record informal inquiry of his own for the required on-the-record evidentiary hearing procedure.

The Commonwealth also claims that the dismissal of the petition could be affirmed because the petitioner failed to allege facts "that if proven would entitle the petitioner to relief." The crux of this argument is that instead of pleading facts the petition pleaded conclusions. We need not become involved in the often fruitless and frustrating controversy over the difference between facts and conclusions, since it seems abun-

---

* This action on the part of the hearing judge is reminiscent of similar action we found objectionable in *Commonwealth ex rel. Green v. Rundle*, 413 Pa. 401, 196 A. 2d 861 (1964). There the judge on a second trial talked to defendant's counsel for his first trial (not his counsel now), which prompted us to note: "However, we do not condone and expressly disapprove and discourage such private consultation by the trial judge with prior defense counsel, either at the court's initiative, as here, or otherwise." This applies with equal force here.

dantly clear to us that when petitioner avers: "Thereafter, court-appointed counsel abandoned petitioner leaving him without any means to prepare, take or perfect an appeal. . . ." he pleads a fact, i.e., abandonment, which, if proven, *would* entitle him to relief. *Commonwealth v. Stokes,* 426 Pa. 265, 232 A. 2d 193 (1967) ; *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966). This was sufficient to shift the burden to the Commonwealth to prove that he knew of his right to appeal and counsel and waived these rights. Finally, the Commonwealth argues that, even if petitioner was denied his right to appeal, he waived his right to raise this issue now because he failed to advance this claim in his two earlier petitions for collateral relief. It is true that section 4 of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. 1580, 19 P.S. §1180-4(b) establishes a presumption that the failure to raise an issue at some prior available time is a knowing and understanding failure sufficient to constitute a waiver. But we have held this presumption is permissible only when petitioner was represented in those prior proceedings by counsel. *Commonwealth v. Satchell,* 430 Pa. 443, 243 A. 2d 381 (1968). Here it appears that appellant was not represented by counsel on his two earlier petitions; therefore, since mere opportunity to litigate does not of itself create a presumption of waiver, the burden remains on the Commonwealth to show that appellant knowingly and intelligently waived his right to presently raise the denial of his right to appeal. *Commonwealth v. Mumford,* 430 Pa. 451, 243 A. 2d 440 (1968) ; see *Commonwealth v. Kizer,* 428 Pa. 99, 236 A. 2d 515 (1967).

Since there has yet been no hearing in the instant case, it is appropriate that we remand for an evidentiary hearing. This will afford the Commonwealth the opportunity to demonstrate that the appellant knew

442

of his *Douglas* rights as set forth in *Wilson*, and that he knowingly and intelligently waived those rights. If the Commonwealth fails to meet this burden, it still will have the opportunity to show that appellant learned of his *Douglas* rights prior to the filing of either of his collateral attacks, and knowingly and intelligently failed to include the *Douglas* claim in either of his earlier petitions. Unless one of these burdens is met, the appellant is entitled to a direct appeal. *Mumford,* supra at 456-57, 243 A. 2d at 443.

Order vacated and record remanded for further proceedings consistent with this opinion.

Mr. Chief Justice BELL dissents.

Mr. Justice MUSMANNO did not participate in the decision of this case.

Mr. Justice COHEN took no part in the consideration or decision of this case.