## Commonwealth v. Forrest

*Oscar F. Spicer,* District Attorney, for Commonwealth.

*Murray B. Frazee, Jr.,* for defendants.

MacPHAIL, P. J., December 24, 1969.—In this proceeding the court is confronted by a somewhat novel problem. Defendants have been indicted in this county for the commission of serious crimes, burglary and armed robbery. Their court-appointed counsel has filed a motion for the dismissal of the indictments, alleging, inter alia, that defendants have advised him that they are presently incarcerated in a Federal penitentiary in Atlanta, Ga., and still have 25 years to serve there on sentences imposed by the Federal courts. The motion points out that while defendants have been incarcerated for some period of time, no action has been taken with respect to the indictments in this county. The motion points out that to bring defendants to trial on the charges against them here will cause considerable expense and perhaps produce no tangible results, since defendants have already been sentenced for a term that will consume a substan-

tial portion of their adult lives. The motion requests in the alternative that the indictments be dismissed or that defendants be brought to trial at the next term of court.

This court entered a rule upon the Commonwealth to show cause why the motion should not be granted. No answer was filed by the Commonwealth and the district attorney reluctantly agreed that the expense involved in bringing the prisoners to trial under the circumstances would probably not advance the cause of justice. We now have the disposition of defendants' motion before us.

Pennsylvania has a statute which makes it mandatory for the court to dismiss an untried indictment if the action is not brought to trial within 180 days after a written notice for final disposition is made by the prisoner: Act of June 28, 1957, P. L. 248, 19 PS §881. However, that statute by its terms is limited to persons incarcerated within the Commonwealth: Commonwealth v. Watson, 16 D. & C. 2d 190 (1958).

Under Federal law, there is a procedure whereby a Federal prisoner may be transferred to a penal or correctional institution within the State where he stands indicted for the commission of a felony for the purpose of trying the cause upon which defendant has been indicted: Act of June 25, 1948, 62 Stat. 850, (18 U.S.C.A. 4085). It must be observed that the provisions of this statute are not obligatory upon the Federal government and apply only where the governor of the State where defendant is indicted requests the Attorney General of the United States to transfer the prisoner and presents certified copies of the necessary documents to evidence defendant's status in the indictment State. Even then, the Attorney General need only comply with the governor's request if he finds it "in the public interest" to do so. Until recently there has been some doubt that there was any affir-

mative duty on the Commonwealth to proceed under that Federal statute or to do anything to bring a prisoner to trial unless the prisoner was incarcerated in Pennsylvania. See Commonwealth v. Watson, supra, and Commonwealth v. Jackson, 17 D. & C. 2d 685 (1958).

However, in Smith v. Hooey, 393 U. S. 374, 21 L. Ed. 2d 607 (1969), the United States Supreme Court held on an almost identical factual situation that the State where the prisoner was under indictment did have a duty to make a diligent, good faith, effort to bring a Federal prisoner to trial notwithstanding his incarceration in a Federal prison in another State. The court held that if the indictment State failed to proceed, defendant's constitutional right to a speedy trial would be violated.

In the present case, the Commonwealth has admitted that there has been no effort made to bring defendants to trial. While we are certain that the public does complain about the expenditure of funds necessary to bring prisoners into court, where the net result may be to place defendants in no worse position than they were before they were brought to trial, we are nevertheless of the opinion that as a matter of public policy prisoners indicted for the commission of felonies should be brought to trial regardless of the expense involved, unless it is impossible for the Commonwealth to bring them to trial for reasons beyond their control. In the particular case now before us, no one knows what may happen to defendants in the next 25 years, and if they are given an early parole and no effort has been made to bring them to trial here, a mockery will have been made of justice.

Therefore, we will not grant defendants' motion at this time. We will regard the motion, however, as a demand for a speedy trial under the Sixth Amendment to the United States Constitution. If the Com-

monwealth cannot or does not bring defendants to trial within 180 days of the filing of the motion to dismiss, this court will then take appropriate action on a supplemental motion to dismiss, should one be filed.

## ORDER OF COURT

And now, December 24, 1969, the motion to dismiss is refused. The Commonwealth shall have 180 days from October 14, 1969, to bring defendants to trial.