Commonwealth *v.* Dwyer, Appellant.

Submitted December 6, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William R. Keller*, Assistant Public Defender, for appellant.

*Mary G. Cooper*, Assistant District Attorney, *Charles D. Lemmond, Jr.*, First Assistant District Attorney, and *Blythe H. Evans, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., April 13, 1972:

Appellant Arthur G. Dwyer was indicted on five bills charging him with burglary, larceny, and receiving stolen property, by the Grand Jury of Luzerne County on August 17, 1966. Appellant has not been tried on any of these indictments. He appeals from denial of his motion to quash the indictments.

After the five indictments were returned against him, appellant on several occasions filed various petitions in the court below, including a petition for writ of habeas corpus, hearing on which was held April 26-27, 1967, and a petition for discharge from imprison-

ment, filed April 24, 1967. On August 9, 1968, by letter to the trial judge, appellant informed the court that he had been trying for over a year to have the indictments disposed of and requested that they be nolle prossed. Appellant's handwritten letter, sent from the State Correctional Institution at Huntingdon, concludes: "Therefore, your Honor since it appears that your Order of June 21, 1967 was effected under the 180 day law for untried indictments. I would therefore ask your Honor to please dismiss these listed and untried indictments with prejudice. It being now 1 year and 2 months since your Order was handed down."[1]

Finally, on March 10, 1969, appellant's counsel filed a motion to quash the indictments. The motion is only one paragraph long, reading: "The defendant, Arthur G. Dwyer, moves this Honorable Court to Quash the indictments filed to the above captioned numbers and term because of the failure of the Commonwealth to proceed to trial within one hundred eighty (180) days after defendant's request for final disposition of said indictments, and because of the delay in affording the defendant a speedy trial has prejudiced him in the defense of these cases." The Commonwealth filed its answer to the motion on March 18, 1969, and on March 20, 1969, the trial court ordered that the appellant be transferred from Huntingdon into the custody of the Sheriff of Luzerne County for the purpose of being brought to stand trial on March 24, 1969. However, appellant was not tried on that date and has still not been brought to trial. On October 14, 1969, more than seven months after appellant filed the motion to quash,

---

[1] The lower court's order actually involved the appointment of the Public Defender's Office as counsel and directions to the District Attorney's office that the cases be scheduled for the next term of criminal court in Luzerne County, but did not explicitly refer to the 180 day rule.

a hearing was held and the motion was denied. Since then the case has been continued pending the disposition of this appeal.

The only question on appeal is whether appellant gave sufficient notice to begin the tolling of the 180 days provided as the time period for disposition of untried indictments against prisoners by the Act of June 28, 1957, P. L. 428, 19 P.S. §881 et seq.,[2] commonly known as the 180 day rule. Despite the several delays and continuances which may be attributable to appellant or the Commonwealth, and without reaching the question of whether any prior attempts by appellant to give notice under the act were effective, we hold that appellant's motion to quash was sufficient notice under the act. The period between the filing of the motion to quash (March 10, 1969) and the hearing on the motion (October 14, 1969) exceeded 180 days, during which time appellant in no way hindered or delayed the bringing of the action to trial. Therefore the Commonwealth did not comply with the act and the indictments must be dismissed.

In *Commonwealth v. Bell,* 442 Pa. 566, 276 A. 2d 834 (1971), the Supreme Court implicitly supported the holding that a motion to quash based on the 180

---

[2] Section 1 of the Act provides in pertinent part: "(a) Whenever any person has entered upon any term of imprisonment in any state, county or municipal penal or correctional institution of this Commonwealth, and whenever during the continuance of the term of imprisonment there is pending in this Commonwealth any untried indictment against any such prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the District Attorney of the County in which the indictment is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

day rule is sufficient notice under the act to begin the tolling of the 180 days, even if nothing preceding the filing of the motion served to alert the Commonwealth. The Court noted with apparent approval that: "[T]he Commonwealth admits appellant's April 26, 1968 motion [to quash] was sufficient notice under the act, and all parties agree that the 180 day period began to run on April 29, 1968, when the district attorney's office received a copy of the motion." 442 Pa. at 573. Since the obvious purpose of the notice requirement of the act is to insure that the district attorney is aware that a defendant is requesting disposition of untried indictments under the 180 day rule, a motion to quash which specifically refers to the rule satisfies the notice requirement.[3]

The order of the court below is reversed and the record remanded with directions to dismiss the indictments.

WRIGHT, P. J., WATKINS and MONTGOMERY, JJ., would affirm the order below.

---

[3] See *Commonwealth v. Forrest*, 48 Pa. D. & C. 2d 140, 11 Adams L.J. 125 (1969), and *Commonwealth v. Pitchcuskie*, 35 Northumb. L.J. 17 (1962), suggesting that a defendant's motion to dismiss (or quash) indictments is sufficient notice to start the 180 day period.