## Commonwealth v. Howard

*Clifford Haines*, Assistant District Attorney, for Commonwealth.

*Jack M. Myers*, for defendant.

ANDERSON, J., May 6, 1974.—On April 19, 1974, a hearing was held before the undersigned on defendant's petition for writ of habeas corpus and to dismiss indictments for lack of a speedy trial. The petition was filed April 18, 1974.

The pertinent facts of the case indicate that defendant was indicted and incarcerated awaiting trial on two separate charges of murder during May term, 1973, and July term, 1973. On August 2, 1973, counsel for defendant filed a petition to quash the bills of indictment on a petition for writ of habeas corpus, alleging that insufficient evidence existed to support the indictment. The petition was denied by the undersigned on September 24, 1973. On October 16, 1973, defendant filed a petition for a speedy trial. On October 18, 1973, this court requested the Commonwealth to notify us when the cases were ready for trial. On April 10, 1974, the case was assigned a back-up status before the Hon. James T. McDermott in the court of common pleas.

In his petition of April 18, 1974, defendant alleges he has been denied a speedy trial in violation of the

Act of June 28, 1957, P. L. 428, secs. 1-4, 19 PS §§881-884.

Section 881 of the act provides, in part:

"(a) Whenever any person has entered upon any term of imprisonment in any state, county or municipal penal or correctional institution of this Commonwealth, and whenever during the continuance of the term of imprisonment there is pending in this Commonwealth any untried indictment against any such prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the District Attorney of the County in which the indictment is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden, superintendent, commissioner of correction or other official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, if any, the time of parole eligibility of the prisoner, and any decisions of the Pennsylvania Board of Parole relating to the prisoner.

"(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, superintendent, commissioner of correction or fother official having custody of him, who shall promptly forward it (together with the certificate) to the appropriate District Attorney and the court by registered or certified mail, return receipt requested."

Section 882 provides:

"In the event that the action is not brought to trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

Defendant contends that his pretrial incarceration puts him within section 881 and his petition for writ of habeas corpus of August 2, 1973, and petition for speedy trial of October 16, 1973, provided adequate notice to the district attorney, thereby tolling the statute. We do not agree.

Sections 881 and 882 apply only to defendants who are incarcerated pursuant to a sentence, and not to persons incarcerated prior to trial: Commonwealth ex rel. DeMoss v. Cavell, 423 Pa. 597, 602 (1967). The cases cited by defendant in his memorandum of law are not to the contrary. See Commonwealth v. Bell, 442 Pa. 566, 569 (1971); Commonwealth v. Klimek, 416 Pa. 434, 435 (1965); Commonwealth v. Hojnowski, 11 Adams 40 (1969); Commonwealth ex rel. Bourerekas v. Russell, 13 Chester 379, 380 (1965).

In the instant case, defendant had been convicted of several crimes prior to his arrest in April 1973, on the first indictment in issue, but had failed to appear for sentencing.

Shortly after his arrest, defendant was sentenced to prison on those other convictions. Therefore, at the times the various petitions were filed on defendant's behalf, he was a person who had "entered upon any term of imprisonment" as contemplated by section 881.

The issue, therefore, is whether there was adequate notice to the district attorney. Many lower court cases have indicated that the notice requirement of section 881 is to be strictly construed. See, e.g., Common-

wealth v. Hojnowski, 11 Adams 40 (1969); Commonwealth v. Udelson, 10 Chester 541 (1961); Commonwealth ex rel. Jackson v. Myers, 85 Dauph. 309 (1966). However, the Pennsylvania Superior Court has held that strict compliance is not necessary so long as the Commonwealth is apprised of the fact that the petitioner is bringing his action pursuant to section 881.

"Since the obvious purpose of the notice requirement of the act is to insure that the district attorney is aware that a defendant is requesting disposition of untried indictments under the 180 day rule, a motion to quash *which specifically refers to the rule* satisfies the notice requirement": Commonwealth v. Dwyer, 221 Pa. Superior Ct. 240, 244 (1972). (Italics supplied.)

An examination of the petitions filed on behalf of defendant prior to April 18, 1974, shows that they contain no adequate information, express or implied, that would have put the Commonwealth on notice that defendant was invoking section 881.

Defendant's petition for writ of habeas corpus of August 2, 1973, alleged that defendant was being illegally detained by Louis Aytch, Superintendent of Prisons. Defendant contended that testimony at the preliminary hearing before the Hon. Armand Della Porta was insufficient to hold defendant over for the grand jury.

Defendant now argues that because he was then imprisoned at Graterford Prison, a State penitentiary, the district attorney should have known he was serving a sentence.

In paragraph three of his August 2, 1973, petition, defendant asserted that: "Larry Howard is imprisoned and restrained of his liberty on the above charges [Murder, Conspiracy, Violation of the Uniform Firearm Act] in the Graterford Prison, Pennsylvania and the person or officer who he is so detained by, is the

Warden of Graterford Prison and Superintendent of Prisons."

This court takes judicial notice of the fact that incarceration of defendants at Graterford Prison prior to trial is not uncommon. Therefore, the mere fact that defendant was incarcerated at Graterford prison was insufficient to put the district attorney on notice that he was serving a sentence, especially in view of the fact that the petition specifically alleged that defendant was being held there "on the above charges," i.e., the charges in the instant case.

In the October 16, 1973, petition for a speedy trial, defendant alleged that he was "illegally and unlawfully detained by Louis Aytch, Superintendent of Prisons," and that he was being held without bail on bills of indictment presently before this court. In paragraph 5, defendant asserted his innocence of the charges and his unlawful detention, and urged that the matters be listed speedily.

The petition then concluded: "Wherefore, your Petitioner prays the court to immediately have the above bills of indictment listed for trial as the petitioner is innocent. If petitioner is not given an immediate trial, he then requests the court to discharge the above indictments for undo [sic] delay in violation of his constitutional privileges and rights."

While the petition properly sets forth a speedy trial claim under State and Federal constitutional provisions, there is nothing in the petition that would lead to the conclusion that section 881 was being invoked.

It was not until defendant's April 18, 1974, petition to dismiss the indictments for lack of speedy trial, that defendant specifically referred to section 881, thereby giving adequate notice to the district attorney. It is to be noted that even in that petition, there is no refer-

ence to the fact that defendant was serving prior sentences.

In a hearing before this court on April 19, 1974, Assistant District Attorney Clifford Haines informed the court that prior to April 18, 1974, he did not know that defendant was incarcerated on a prior lawful sentence or that defendant's petitions were based on section 881.

For the above stated reasons, defendant's petition to dismiss indictments for lack of a speedy trial is dismissed. The tolling of the 180-day rule is to be deemed to have commenced on April 18, 1974, when the district attorney was given adequate notice as required under section 881.

## ORDER

And now May 6, 1974, defendant's petition of April 18, 1974, to dismiss the bills of indictment for lack of a speedy trial under the Act of June 28, 1957, P. L. 428, sec. 1, et seq., 19 PS §881, et seq., is hereby dismissed.