Commonwealth *v.* Preston, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Barry H. Denker,* and *Shuman, Denker & Land,* for appellant.

*David Richman,* Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

The sole issue in this appeal is whether the lower court erred in denying appellant's petition for post-conviction relief on the ground that after-discovered evidence had been obtained requiring a new trial.

On February 22, 1972, appellant was tried and convicted on the charges of sodomy and assault by a prisoner. The Commonwealth's chief witness, the complain-

ant, testified that on the night in question the appellant cornered him in their cell, swung a razor at him, and then committed sodomy upon him. The incident was not reported until three days later. The only other witness against the appellant was one Charles Bartlett, who allegedly witnessed the occurrence. Bartlett, himself awaiting trial on the charge of committing sodomy on the person of the complainant, admitted that he was testifying so that his case would be "given consideration." The defense put on several prison guards, who were on duty the night of the alleged incident. Each testified that they neither heard nor saw anything unusual take place that night.

Sometime after the trial, the assistant district attorney who had been assigned to try the case against the appellant conducted his own investigation. He came to the conclusion that the appellant was innocent. On January 28, 1974, the appellant filed a petition for post-conviction relief alleging the discovery of after-discovered evidence. Without stating the content or basis for the evidence, appellant alleged that there was evidence that "would have affected the outcome of the trial had it been introduced." No allegations were made that the evidence was not available at time of trial, but, that Mr. Norris Gelman, the assistant district attorney at time of trial, was "ready and willing to testify on the petitioner's behalf and to introduce said exculpatory evidence." The Commonwealth's Answer set forth the following, in relevant part: ". . . The Commonwealth acquired, after trial in this case, certain information which might have contradicted the testimony of the complainant, Freddie Moultrie, concerning past prison complaints which he filed against various other inmates. The Commonwealth avers that, although this evidence would contradict Mr. Moultrie's trial testimony, there is *no way* of ascertaining whether such information would have affected the outcome of petitioner's case."

Despite the joint request of defense counsel and the District Attorney's Office for "a hearing on the above matter since he has alleged facts, which if proven, would entitle him to relief . . . .", the lower court denied appellant's petition without an evidentiary hearing.

In *Commonwealth v. Mosteller*, 446 Pa. 83, 88, 284 A. 2d 786 (1971), our Supreme Court reiterated the long-established requirements for relief on the basis of after-discovered evidence: " '. . . A new trial in a criminal case will be awarded on the ground of after-discovered evidence where the evidence in question (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted.' Commonwealth v. Coleman, 438 Pa. 373, 376-77, 264 A. 2d 649, 651 (1970)."

On the basis of the Petition and Answer submitted under the Post Conviction Hearing Act, we are unable to conclude that relief should be denied without an evidentiary hearing. In the first place, we take note of the fact that Commonwealth originally joined in appellant's request for an evidentiary hearing. Although the Commonwealth has characterized the after-discovered evidence as impeaching evidence, Commonwealth admits that it has "no way of ascertaining whether such information would have affected the outcome of petitioner's case." On the state of the record, we are unable to tell whether this is the only evidence obtained by attorney Gelman as a result of his post-trial investigation. We are also not able to determine whether the evidence was available to the parties prior to or during trial. Commonwealth's Answer sheds no light on this requirement of the "after-discovered evidence" rule. We

do not believe we may justifiably act as to summarily deny a petition for post-conviction relief where (1) the complainant, himself a convicted felon, brings charges three days after the alleged incident, and is found to have brought prior unfounded charges of a similar nature against other inmates; (2) the only corroborating witness admits his testimony is to better his own position on the same charges; (3) the assistant district attorney prosecuting the case has sufficient doubt as to conduct a spontaneous investigation into the alleged charges; (4) a petition for relief states that the result of said investigation has led the prosecuting attorney to believe the appellant is innocent, and that this attorney is "ready and willing to testify . . . and to introduce . . . exculpatory evidence." Under these circumstances, an evidentiary hearing should be granted the petitioner so that he may endeavor to prove the competency and sufficiency of this subsequently obtained evidence.

Order denying appellant's petition for post-conviction relief is reversed, and appellant is granted an evidentiary hearing consistent with this opinion.