**16**

Commonwealth, Appellant, *v.* Geho.

Submitted March 27, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John B. Stevens, Jr.,* Assistant District Attorney, *Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellant.

*Lee Mandell,* and *Ralph W. D. Levan,* Assistant Public Defender, for appellee.

OPINION BY SPAETH, J., December 11, 1974:

This is an appeal by the Commonwealth from an order granting appellee a new trial on the basis of after-discovered evidence.

Appellee and Walter and Barry Wentzel were jointly charged with burglary, larceny, and conspiracy. They were tried together before Judge HESS and a jury. Each defendant was represented by separate counsel. During the trial the two Wentzels changed their pleas from not guilty to guilty in the presence of the jury. They were then dropped from the case and the trial continued against appellee alone, who was convicted and sentenced.

Appellee's motion for new trial was refused, *Commonwealth v. Geho*, 64 Berks C.L.J. (1973), and on appeal to this court, raising the issue of the prejudicial effect of the Wentzels' change of plea, the conviction was affirmed in an opinion by Judge HOFFMAN. *Commonwealth v. Geho*, 223 Pa. Superior Ct. 525, 302 A. 2d 463 (1973). Appellee then filed a petition under the Post Conviction Hearing Act[1] alleging that after the trial he had learned in prison from the Wentzels that they would testify and absolve him from all criminal responsibility. Attached to the petition as an exhibit was an affidavit by the Wentzels to the effect that after they had pleaded guilty they had told the Assistant District Attorney they were going to testify for appellee but the Assistant District Attorney persuaded them not to by telling them that if they did, "[I] . . . will tell the Court that the plea bargain is off, and will personally recommend to the court a sentence for more than [the 59 months] . . . bargained for."

Judge HESS held a hearing on the petition at which the Wentzels, the Assistant District Attorney, and counsel for Walter Wentzel testified. At the conclusion of the hearing the judge set aside appellee's conviction and ordered that appellee should have a new trial, stating (as the judge has also stated in his opinion to

[1] Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §§1180-1 et seq. (Supp. 1974).

us) that a new trial was in his judgment "necessary in the interest of justice."

The Commonwealth's appeal from this order must be quashed. The Commonwealth may appeal an adverse ruling in an criminal case only where the issue raised is "purely one of law." *Commonwealth v. Melton,* 402 Pa. 628, 629, 168 A. 2d 328 (1961) (collecting authority). *Accord, Commonwealth v. Blevins,* 453 Pa. 481, 309 A. 2d 421 (1973) ; *Commonwealth v. Jones,* 453 Pa. 8, 306 A. 2d 900 (1973). The Commonwealth does not suggest, however, that it has raised such an issue. Instead it has confined itself to an attack on the credibility of the Wentzels and a defense of the credi· bility of the Assistant District Attorney.[2] The question whether the evidence as determined by Judge Hess in his role of factfinder was sufficient to support his legal conclusion that a new trial is warranted is not addressed.

It was not necessary, as the Commonwealth seems to imply, for Judge Hess to certify the after-discovered evidence as true in order to justify the grant of a new trial. It was rather the judge's responsibility to determine whether the evidence met the test of "after-discovered evidence" as specified, for example, in *Commonwealth v. Mosteller,* 446 Pa. 83, 284 A. 2d 786 (1971) ; *Commonwealth v. Coleman,* 438 Pa. 373, 264 A. 2d 649 (1970) ; *Commonwealth v. Preston,* 230 Pa. Superior Ct. 467, 326 A. 2d 552 (1974). The Commonwealth has not attacked Judge Hess's legal conclusion that it did.

Appeal quashed.

---

[2] Our review of the record does not indicate that the credibility of the Assistant District Attorney was ever directly called into question. Nor did the hearing judge say that he disbelieved the Assistant District Attorney. The order is consistent with the conclusion that in fact the judge accepted the Assistant District Attorney's testimony.