420 A.2d 742

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Manuel MADRONAL.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed June 27, 1980.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

G. William Bills, Jr., Pittsburgh, for appellee.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal by the Commonwealth from the order of the Court of Common Pleas, Allegheny County, Criminal Division, granting post–conviction relief to the appellee, Manuel Madronal.

The appeal by the Commonwealth is from the order vacating the sentences and discharging the appellee under the Act of Jan. 25, 1966, P.L. (1965) 1580 Para. 1, 19 P.S. § 1180–1 et seq., known as the Post Conviction Hearing Act. The appellee was indicted on charges of armed robbery, prison breach, holding hostages in a penal institution and assault and battery with intent to kill. Prior to trial, six other counts were dismissed by the grand jury. Indicted on the same counts were co–defendants Herbert F. Langnes, Jr., Dominick Codispoti, Richard Mayberry, Charles Ganss and Donald Montgomery. Appellee chose to represent himself and counsel was appointed to assist him. On February 21, 1968, a pre–trial hearing was held in which all defendant's except the appellee had filed Motions to Quash based on Rule 1100. After hearing, Judge Weir of the court below dismissed the charges against Mayberry, Montgomery and Codispoti, but Langnes and Ganss withdrew their motions to quash and elected to go to trial with the appellee.

The jury found the appellee not guilty of armed robbery, but guilty of prison breach and holding hostages and assault and battery with intent to kill. Post–trial motions were denied. He was sentenced to a term of life imprisonment on the holding the hostages charge; five (5) to ten (10) years on the prison breach charge; and one (1) to two (2) years on the assault and battery charge to run consecutively with the prison breach charge.

The appellee filed an appeal to the Superior Court and having failed to proceed, a judgment of non pros was entered on November 18, 1970. On November 29, 1977, the appellee filed a Petition for Relief under the Post Conviction Hearing Act alleging violation of the First, Fifth, Sixth and Fourteenth Amendments and obstruction of State Officials of appellee's right to file for a speedy trial. The Common-

wealth filed a detailed answer. In lieu of an evidentiary hearing, the court below instituted an inquiry by correspondence on the issues of fact and law and granted the petition vacating appellee's sentences and discharging him from incarceration. This appeal by the Commonwealth followed.

The Commonwealth contends that the lower court's inquiry and informal review of the appellee's post–conviction petition contravenes the statutory direction of the Post Conviction Hearing Act in that an evidentiary hearing must be held unless petitioner's claim is patently frivolous. As the Act requires that a petition may not be dismissed without a hearing because of the resulting prejudice to the petitioner, the Commonwealth asserts that it is similarly prejudiced when a petition is granted without a hearing. We agree.

█ It is clear that the Commonwealth may appeal in a criminal case when the question in issue is one of law. *Commonwealth v. Geho*, 232 Pa.Super. 16, 332 A.2d 817 (1974). The appeal herein presents a pure question of law.

The pertinent statutory directives as stated in *19 P.S. § 1180–9* are as follows:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner . . ."

█ This section clearly states that a hearing must be held if the petition provides a basis for relief. *Commonwealth v. Walters*, 431 Pa. 74, 79–80, 244 A.2d 757, 759 (1968). If a court is uncertain as to the merit of an issue in a post conviction petition it is required to grant a hearing on the issue.

█ The court below said in its opinion that:

"Since I have personal knowledge of all the other facts in the case, and rather than incur the expense of an evidentiary hearing on an isolated allegation which I doubted

could be supported by unbiased testimony, I instituted inquiry by correspondence."

This resulted in a letter which supported the contention that the appellee had sought a form to file under Rule 1100. However, in the body of that letter the writer states: "Of course I hope that the Court realizes that ten (10) years have passed since this incident, and I am only going by the best of my recollection." With that kind of testimony to rely on most certainly the Commonwealth should have had the opportunity of cross examination in a hearing required by the Act.

In *Commonwealth v. Zaffina*, 432 Pa. 435, 248 A.2d 5 (1958), the Supreme Court held: "Whenever the facts alleged by the petitioner indicate he is entitled to a hearing, the hearing judge may never . . . substitute an off–the–record informal inquiry of his own for the . . . on–the–record evidentiary hearing . . . ." If the petitioner is prejudiced by this kind of procedure, surely the Commonwealth is prejudiced when the petition is granted without a hearing. See also *Commonwealth v. Johnson*, 231 Pa.Super. 30, 331 A.2d 750 (1974), where this Court held that the trial judge's recollection of the case was not dispositive of the defendant's factual claims.

"The government attorney in a criminal prosecution is not an ordinary party to a controversy, but a 'servant of the law' with a 'twofold aim . . . that guilt shall not escape or innocence suffer." *Singer v. United States*, 380 U.S. 24–37, 85 S.Ct. 783, 791, 13 L.Ed.2d 630 (1965).

In order to effect its role as "servant of the law", the Commonwealth has a legitimate and compelling interest in presenting its argument and evidence and examining appellee's witnesses and evidence in a post–conviction hearing. When, as here, the court proceeds in an ex parte fashion, the Commonwealth is precluded from effectively discharging its duties. The United States Supreme Court in *Singer v. United States, supra,* recognized the government's interest as a litigant in a criminal case and must be given the opportunity to be heard. So that where, as in this case, the

petition was granted, the reasoning in *Commonwealth v. Zaffina*, supra, applies with equal force to the Commonwealth so that absence of a hearing as required by the Post Conviction Hearing Act is a clear detriment to the Commonwealth in its performance as a "servant of the law".

The order is reversed and the sentences reinstated; and the record is remanded for a hearing under the Post Conviction Hearing Act.

SPAETH, J., files a concurring statement.

SPAETH, Judge, concurring:

On the particular facts of this case, I agree that the Commonwealth is entitled to a hearing so that it may examine witnesses, and contest the allegations and proof offered by the petitioner. I note, however, that contrary to the majority's statement, the issue raised by the petitioner is not whether there was a violation of Pa.R.Crim.P., Rule 1100, but a violation of 19 P.S. § 881. Thus, on remand the lower court must decide the merits of the petitioner's claim under 19 P.S. § 881 and the cases that have interpreted it. *See Commonwealth v. Dwyer*, 221 Pa.Super. 240, 289 A.2d 735 (1972).