469 A.2d 672

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard K. WELLS.**

Superior Court of Pennsylvania.

Submitted May 20, 1982.

Filed Dec. 16, 1983.

382

James K. Angell, Smethport, for Commonwealth, appellant.

Charles J. Duke, Smethport, for appellee.

Before ROWLEY, MONTEMURO and VAN der VOORT, JJ.

ROWLEY, Judge:

The Commonwealth appeals from an order granting appellee's Post-Conviction Hearing Act (PCHA)[1] petition.

1. Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. § 1180–1 et seq., *repealed,* Act of April 28,

Finding that appellee's rights under Pa.R.Crim.P. 1100 had not been adequately protected by appellee's trial counsel, the PCH judge dismissed the indictment with prejudice and discharged appellee. For the reasons stated herein, we vacate the order and remand for a rehearing.

On July 28, 1975, Richard Wells, appellee, was arrested and charged with criminal homicide in connection with the death of Dorothy Davidson. On March 2, 1976, appellee proceeded to trial before the Honorable William F. Potter, President Judge of McKean County, and a jury. The following day, a verdict of guilty of second-degree murder was returned. Judgment of Sentence of life imprisonment was entered on March 25, 1976. No direct appeal was perfected.[2]

On June 26, 1979, however, appellee filed a pro se PCHA petition in which he alleged that both trial and post-verdict motions counsel[3] had rendered him constitutionally ineffective assistance which resulted in the denial of his Rule 1100 rights. Counsel was appointed and a hearing on appellee's PCHA petition was held before President Judge Potter on *September 22, 1980.* Although appellee's trial and post-verdict motions counsel both testified, appellee did not. On August 5, 1981, prior to a decision having been filed by Judge Potter, appellee submitted an application asking him to disqualify himself. By Order of Court dated August 21, 1981, Judge Potter granted the application and withdrew from the case. On September 1, 1981, another available

1978, P.L. 202, No. 53, § 2(a) (1397) effective June 27, 1980, *as amended* by Act of June 26, 1980, P.L. 265, No. 77, § 2 delaying repeal until June 27, 1981, *as further amended* by the Act of June 26, 1981, P.L. 123, No. 41, § 1 delaying repeal until June 26, 1982, *repealed* by Act of May 13, 1982, P.L. 587, No. 1982–122, § 3, *replaced* by 42 Pa.C.S. § 9541 et seq.

2. Although appellee filed a Notice of Appeal to the Pennsylvania Supreme Court, the appeal was, apparently, never perfected. No direct appeal was taken to this court.

3. To date, appellee has been represented by four attorneys.

judge (hereinafter PCH judge) was assigned by the Chief Justice to hear and determine the pending petition.

· On September 21, 1981, the PCH judge had a conference with counsel for the parties to discuss the case. Appellee was not present, no evidence was presented and no record was made of that conference. Moreover, the record of the prior September 22, 1980 hearing before Judge Potter had not been transcribed and, therefore, was not available to the PCH judge. Additionally, the record of a proceeding held before Judge Potter on November 26, 1975, which the Commonwealth contends constituted a continuance or extension of the time within which to try appellee, was not transcribed and was not a part of the record.

The record next reveals that sixteen days later, the PCH judge again met with counsel on October 7, 1981, and presented them with a proposed Opinion and Order, dated October 5, 1981, granting appellee's petition. The October 5, 1981 Opinion and Order, granting appellee's requested discharge, was filed on October 8, 1981. The Commonwealth thereafter sought, and was granted, a stay of the October 5, 1981 order by our colleague, the Honorable John P. Hester. This appeal followed.

At the conference with counsel on October 7, 1981, the PCH judge previewed the prospective Opinion and Order with appellee's attorney, Charles Duke, Esquire, and the Commonwealth's representative, James K. Angell, Esquire. Supplemental data, sufficient to result in an alteration of the decision, was solicited by the PCH judge. Mr. Angell then sought a continuance to allow for the transcription of the notes of testimony from the September 22, 1980 PCHA hearing and the November 26, 1975 "extension" hearing. At the September 22, 1980 PCHA hearing, appellee's trial and post-verdict motions counsel testified concerning their representation of appellee and the alleged Rule 1100 violation. At the October 7, 1981 conference, defense counsel voiced no objection to any delay that would result from preparation of the PCHA hearing transcript, and its review by the court. Rather, as Mr. Duke remarked:

I don't have any problem concerning the Court being presented with a transcript of the testimony on September 22, 1980. I believe the Court should review that testimony ... I differ what its effect would be. (N.T. October 7, 1981, p. 3)

The PCH judge, however, viewed the situation differently. Apprised of the time period involved, he questioned both attorneys concerning the purpose of the testimony provided at the PCHA hearing. Responding, the parties disagreed as to whether appellee testified at that proceeding. Furthermore, Mr. Angell admitted to his faulty recollection of the PCHA hearing. Nonetheless, the PCH judge refused the Commonwealth's motion to have the September 22, 1980 PCHA hearing transcribed and filed his opinion and order the following day.

The practice of arriving at a decision, including the drafting of an opinion and order, and thereafter seeking comments from the "losing" party is not an appropriate procedure. This is particularly true where, as here, the court's attention has been called to relevant matters of which it could not previously have been aware. More importantly, the rendering of a decision on a PCHA petition by a judge who was *not* present at the PCHA hearing [4] *and* who did *not* review the notes of testimony, indeed, who expressly declined transcription of the notes is disapproved. Reliance on representations by defense counsel and the Commonwealth's attorney was similarly unwarranted, especially given counsels' vague and contradictory recollections of the prior proceedings. Finally, we note that defense counsel shared the Commonwealth's perception that review of the transcript by the PCH judge was necessary.

In effect, the PCH judge decided the merits of appellee's petition without the benefit of an evidentiary hearing. This was improper. On October 5, 1981, the date of the order involved herein, section 1180–9 of the Post-Conviction Hearing Act provided, in relevant part,

**4.** The PCHA hearing was held before Judge Potter.

> If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing ... However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support in the record or from other evidence submitted by petitioner ...

> The petitioner shall have a full and fair hearing on the petition. The court shall receive all evidence, which shall be recorded, that is relevant and necessary to support the claims in the petition, including ... oral testimony, ... and relevant and necessary portions of transcripts of prior proceedings.

Discussing this provision of the PCHA, the Pennsylvania Supreme Court in *Commonwealth v. Zaffina*, 432 Pa. 435, 248 A.2d 5 (1968), held that whenever the facts alleged by a PCHA petitioner indicate that he is entitled to a hearing, the hearing judge may never substitute an informal inquiry of his own for the on-the-record evidentiary hearing. Extending this principle, our Court determined in *Commonwealth v. Madronal*, 279 Pa.Super. 57, 420 A.2d 742 (1980), that if a petitioner is prejudiced by this kind of procedure, surely the Commonwealth is prejudiced when the petition is granted without a hearing. As Judge Watkins wrote:

> In order to effect its role as "servant of the law," the Commonwealth has a legitimate and compelling interest in presenting its argument and evidence and examining appellee's witnesses and evidence in a post-conviction hearing. When, as here, the court proceeds in an ex parte fashion, the Commonwealth is precluded from effectively discharging its duties ... So that where, as in this case, the petition was granted, the reasoning in *Commonwealth v. Zaffina, supra,* applies with equal force to the Commonwealth so that absence of a hearing as required by the Post Conviction Hearing Act is a clear detriment to the Commonwealth in its performance as a "servant of the law."

*Madronal, supra,* 279 Pa.Superior Ct. at 62, 420 A.2d at 744.

Although there was a hearing in the case before us, it was not before the judge who decided the case. Moreover, the judge that decided the case did not have a record of that proceeding or a "relevant and necessary portion[ ] of transcripts of prior proceedings." Therefore the principle expressed in *Madronal* applies with equal force here.

On appeal, it is not our function to sit as a trial court and try the case de novo.

> In reviewing the PCHA courts' determination, our task is not to engage in a *de novo* evaluation of the testimony presented at the PCHA hearing. Rather, we look to whether the PCHA court's determination is supported by evidence of record and is otherwise free of legal error. The findings of the PCHA court, *which hears the evidence and passes on the credibility of the witnesses*, should be given great deference. (emphasis added)
>
> *Commonwealth v. Stanton*, 294 Pa.Super. 516, 525, 440 A.2d 585, 590 (1982) (Citations omitted.)

In the instant case, the PCH judge did not hear the evidence or see the witnesses, and, although the transcripts of the two hearings were prepared subsequent to the date of his decision and filed with the record in this case, it would be inappropriate for us to make the initial evaluation of their contents or the issues raised.[5] Moreover, without the notes of testimony of the PCHA hearing, the PCH judge could not have fairly assessed the legal questions and arguments attendant to a claim of ineffective assistance in the context of Rule 1100. Because, then, any evaluation by this court

---

5. The record establishes that the court reporter, contrary to the PCH judge's decision, nonetheless inadvertently transcribed the notes of testimony of the PCHA hearing. However, the subsequent remarks of the PCH judge suggest that he was not aware of this until after the Order and Opinion had been filed. *See* N.T. October 12, 1981. Thus, the testimony provided at that hearing could not have influenced his decision.

Although we now have the entire PCHA record before us, we nonetheless do not reach the merits of appellee's ineffectiveness claim, given that this determination is to be made, initially by the trial court, upon a proper record.

of the PCHA hearing testimony would be inappropriate *de novo* review, we raise this concern sua sponte.

■ Furthermore, the opinion filed by the trial court does not contain findings of fact material to the Rule 1100 claim. For example, the opinion does not determine the exact date of commencement of trial for Rule 1100 purposes, the precise date that appellee's Application to Dismiss the Indictment with Prejudice was filed, or whether appellee was present at the November 26, 1975 hearing on the Commonwealth's Application for Continuance. Without adequate findings of fact, this court cannot fulfill, in a meaningful way, its responsibility to conduct appellate review. *Commonwealth v. Elliott*, 319 Pa.Super. 521, 466 A.2d 666 (1983) (Wickersham, J., dissenting.)

Although we can appreciate the PCH judge's desire to effect disposition of this case without further delay, we have observed, in an analogous context, that

[I]n the absence of consent thereto, the substitution of another judge may not be approved where the testimony has been held without a jury and the trial judge has not yet rendered a decision on the factual issues.

*Hyman v. Borock*, 211 Pa.Super. 126, 128, 235 A.2d 621, 622 (1967).

More recently, we disallowed a decision based on the record developed before a judge no longer sitting on the case where such a procedure was not consented to by the parties. *Labyoda v. Stine*, 295 Pa.Super. 122, 441 A.2d 379 (1982).

■ The record does not show that the Commonwealth assented to the disposition of appellee's PCHA petition by the PCH judge without a rehearing. On the contrary, it is clear that the Commonwealth actively opposed disposition of the petition without the benefit of at least the PCHA hearing transcript. Given, then, that the Commonwealth objected, at least in part, to the procedure followed here, we deem a full rehearing necessary.

The PCH judge's failure to consider the notes of testimony effectively precluded discharge of the Commonwealth's duty as enunciated in *Commonwealth v. Madronal*, 279 Pa.Super. 57, 420 A.2d 742 (1980). Thus, this failure, combined with the great lapse of time between the original PCHA hearing and our decision, necessitate that a new hearing be held on appellee's petition. At that hearing, appellee's claim of ineffective assistance should be decided in light of our Supreme Court's recent pronouncement,

When defense counsel fails to object to a Commonwealth petition for an extension of time, we will not discharge the defendant unless he has been deprived of his underlying right to a speedy trial under either the Sixth Amendment to the United States Constitution or Article 1, Section 9 of the Pennsylvania Constitution.

*Commonwealth v. Crowley*, 502 Pa. 393 at 404, 466 A.2d 1009, 1015 (1983), citing to *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

Order vacated and case remanded for further proceeding consistent with the foregoing opinion. Jurisdiction relinquished.

VAN der VOORT, J., concurred in the result.