414 P.2d 745

**STATE of Arizona, Appellee,**

**v.**

**James Weldon HAYS, Appellant.**

**No. 1545.**

Supreme Court of Arizona.

In Banc.

May 18, 1966.

**372**

Darrell F. Smith, Atty. Gen., and Jerry W. Lawson, Asst. Atty. Gen., for appellee.

Claude W. Olney, Phoenix, for appellant.

UDALL, Justice.

Appellant in this appeal shall be designated "defendant" as in the trial court. He was charged by information with the crime of grand theft (auto), a felony, with prior conviction. Arraignment was held on May 29, 1964, at which time the defendant pleaded "not guilty" and denied the prior conviction. Trial was set for July 2, 1964. The trial was held on July 7th and 8th, 1964. After the trial, defendant was found guilty by the jury of grand theft (auto) and of the prior conviction. The defendant was sentenced to serve a term of not less than ten years nor more than ten years and one day in the Arizona State Prison.

The facts disclose that on April 5, 1963, a 1962 Ford Falcon was stolen from a parking lot located on the southwest corner of Fourth Avenue and Monroe Street, Phoenix, Arizona. The automobile was the property of Maricopa County and bore 1963 Arizona license plates.

On April 13, 1963, the defendant was arrested in Chula Vista, California. At the time of his arrest defendant was in possession of the automobile in question, which bore stolen California license plates. Defendant stated that the stolen plates had come with the automobile. The defendant had no personal identification and no registration for the automobile was available or visible. The officer looked into the trunk of the automobile and observed the 1963 Arizona license plates.

At the trial defendant took the stand and denied taking the stolen automobile from the parking lot in Phoenix. He testified he had loaned a friend a 1957 automobile which defendant owned, and that the friend had loaned him the stolen vehicle. Defendant stated that at the time of that exchange, which apparently took place in Arizona, he did not know the automobile was stolen. He said he left for California in the stolen automobile on approximately April 11, 1963, and that he had removed the Arizona plates and replaced them with the California plates because he decided the car might be "hot". The defendant also testified he had been convicted twice for grand theft (auto).

Defendant appeals from the court's denial of his motion for a directed verdict of acquittal on the grounds there was not sufficient evidence to prove all the material allegations contained in the information, in that when the officer searched the trunk of the automobile it was an illegal search and seizure in violation of the 4th amendment of the United States Constitution, as applied to the states by the 14th amendment of the U. S. Constitution; and Article 2 of the Arizona Constitution, A.R.S.

At no time during the course of the trial or prior to this appeal did the defendant or his attorney move to suppress any evidence based on illegal search and seizure nor was there any objection made to the introduction of the evidence based on the state or federal constitutional right against illegal search and seizure. On carefully reading the record we find that the trial court gave to defendant every opportunity to raise any and all objections.

It is the duty of the defense to aid the court by raising important state and federal claims. When the defendant has had this opportunity and does not raise them, it may be that defendant and his counsel have refused to act for tactical reasons, through a deliberate choice of strategy. This, as we have said, amounts to a waiver.

Where the trial court has not been given an opportunity to correct errors, if there were errors, the appellate court will not listen to a plea that injustice has been perpetrated. State v. Thurston, 100 Ariz. 297, 413 P.2d 764 (1966); State v. Graham, 97 Ariz. 408, 401 P.2d 141 (1965); State v. Hernandez, 96 Ariz. 28, 391 P.2d 586 (1964); State v. Milton, 85 Ariz. 69, 331 P.2d 846 (1958). See also Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFARLAND, JJ., concur.