436 P.2d 592

**STATE of Arizona, Appellee,**
v.
**Peter Escobar ACOSTA, Appellant.**
**No. 1202.**

Supreme Court of Arizona.

In Division.

Feb. 1, 1968.

Rehearing Denied March 5, 1968.

**44**

Darrell F. Smith, Atty. Gen., Philip W. Marquardt, formerly Asst. Atty. Gen., for appellee.

Lawrence C. Cantor, Phoenix, for appellant.

STRUCKMEYER, Justice.

Defendant Peter Acosta was charged on the 13th day of January, 1960, with illegal possession of narcotics, a felony, subsequently convicted by verdict of a jury and sentenced to the state penitentiary. The defendant attempted to appeal and the appeal was dismissed on motion of the State. It was, thereafter, reinstated on March 25, 1965, for the reasons set forth in our written opinion In the Matter of the Application for Writ of Habeas Corpus of Peter Acosta, 97 Ariz. 333, 400 P.2d 328.

On January 12, 1960, shortly before midnight, a City of Phoenix police officer requested the landlady at the apartment house where Acosta lived to call him to the telephone. When Acosta left his room, three police officers intercepted him, two of them knocked and entered the apartment when the door was opened by two women who also lived in the apartment. The officers immediately began a search of the premises although they were not armed with a search warrant and although Acosta, who was detained outside, shouted through the door:

"Don't let the officers search the house. They don't have a search warrant."

As a result of the search, in the pocket of a man's shirt hanging in the bedroom's closet one of the police officers found 3.2 grains of heroin. Acosta and both women were arrested and all three were charged with illegal possession of narcotics. At Acosta's trial, one of the women living at the apartment, Georgia Scott, testified that she had seen the defendant in possession of slips of paper similar to that in which the heroin was found and that she had seen him prepare heroin for use. She also testified that the defendant owned several shirts resembling the one in which the paper of heroin was found.

The trial court admitted both the shirt and heroin into evidence. While defendant complains of their admission, no motion to suppress was made and no objection on any constitutional ground was presented to the trial court. The trial was in 1960 before the decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. At that time, our rule was that evidence of criminal acts even though illegally obtained was admissible. State v. Frye, 58 Ariz. 409, 120 P.2d 793. Under our repeated holdings, it is too late to complain to the appellate court of the admission of evidence in the trial court where no objection was there made. State v. Graham, 97 Ariz. 408, 401 P.2d 141; State v. Hays, 100 Ariz. 371, 414 P.2d 745.

Defendant complains of this testimony of one of the police officers:

"Q Did he have anything to say at that time?

"A No. The only thing that he had to say—I had known Mr. Acosta previously. I believe I asked Mr. Acosta how long he had been using narcotics again and how bad a habit he had.

\* \* \* \* \* \*

"A He said, 'My habit is not very bad. I am—what they say in their circle—'chippying around with it.'

"Just using it once in awhile."

It is urged that although there was no objection to this testimony there

was created in the minds of the jury an impression that the defendant's character was bad and no admonition at the trial court level could have expunged its prejudicial effect. Such testimony, it is said, is "like the bell that cannot be unrung or the whistle that cannot be unblown," citing State v. Kellington, 93 Ariz. 396, 381 P.2d 215. In Kellington, however, a timely objection was made in the trial court. Here, there was no objection, no motion to strike, no motion for a mistrial and no request that the jury be admonished to disregard the testimony. We have held that where no objection has been made in the court below, error, if any, is waived. State v. Sowards, 99 Ariz. 22, 406 P.2d 202.

■ The defendant argues that the quoted testimony also constitutes an admission, cf. State v. Owen, 96 Ariz. 274, 394 P.2d 206, which, under the rule of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908, must be determined to be voluntary by the trial judge in a hearing outside the presence of the jury. We have held, State v. Goodyear, 100 Ariz. 244, 413 P.2d 566, that if such a determination has not been made by the trial judge, a defendant is not precluded from raising it on appeal for the first time. But we do not agree with the defendant's bland assumption that the testimony is a confession or admission of guilt to the crime for which he was being tried. Hence, we do not conclude that its admission is reversible error. For a like reason, an instruction to the jurors that they must first find the defendant's statements voluntary before giving the officer's testimony any credence was not required.

■ Defendant argues that it must be conceded that Georgia Scott " * * * was an accomplice of the defendant." As stated, she testified that she had seen the defendant with papers similar to that containing the heroin found in defendant's shirt and had seen him using heroin on the date of his arrest and that he had a number of shirts similar to the one in which the heroin was found. In State v. Howard, 97 Ariz. 339, 400 P.2d 332, we held that the trial court must give an instruction that the testimony of an accomplice must be corroborated. The failure to do so is prejudicial and reversible error. We have examined Scott's testimony with care to determine whether there is any possible inference that she may have been an accomplice. There is not the slightest suggestion that, as to the crime which defendant is charged, she was.

■ Defendant complains of double jeopardy arising out of a former trial in which the State moved for and was granted a mistrial. We do not think that under the facts of that incident there was double jeopardy because the defendant joined in the motion for a mistrial. A defendant will not be heard to consent to a mistrial and then claim error on the court's granting the motion. Westover v. State, 66 Ariz. 145, 185 P.2d 315.

■ Defendant finally complains that trial counsel for defense "was grossly and obviously inadequate and incompetent." But we do not think so. As pointed out, this case was tried before the decision of the Supreme Court in Mapp v. Ohio, supra. The asserted admissions are not admissions within the meaning of State v. Owen, supra, requiring a determination of voluntariness and there is no basis for ruling that defendant has been subjected to double jeopardy.

Judgment affirmed.

McFARLAND, C. J., and LOCKWOOD, J., concur.