523 P.2d 62

**The STATE of Arizona, Appellee,**

v.

**Benny Nunez TELLEZ, Appellant.**

**No. 2785.**

Supreme Court of Arizona,
In Banc.

June 3, 1974.

Gary K. Nelson, Atty. Gen. by Shirley H. Frondorf, Sp. Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Charles Babbitt, Asst. Public Defender, Tucson, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment of the court sitting without a jury finding the defendant guilty of two counts of aggravated battery, § 13–245 A.R.S., and a sentence of two to three years in the Arizona State Prison on each count to be served concurrently.

We must answer three questions on appeal:

1. Was it reversible error for the prosecutor to use a prior conviction which defendant had admitted for the purposes of impeachment?

2. Does the evidence support the judgment of guilt to two counts of aggravated battery?

3. Was defendant denied effective assistance of counsel?

The facts necessary for a determination of this matter on appeal are as follows. On the evening of 2 November 1972, two undercover narcotics agents of the City of Tucson observed the defendant having a cup of coffee in a Dunkin' Donuts Coffee Shop on South 16th Avenue and Interstate 10. He appeared to be "nodding" and the officers suspected that he was under the influence of narcotics. Officer Gomez engaged the defendant in conversation and indicated to the defendant that he, Officer Gomez, was in need of some heroin. After conversation with the two officers, the defendant agreed to take the officers where they could "score." The officers gave the defendant $17 for two "papers" and the defendant had them drive to the house of a known drug user and dealer in

Tucson. The defendant left the two officers in the car. He returned a few minutes later and, according to the testimony of the officers, indicated that he had obtained the heroin. A discussion then ensued as to where Officer Gomez was going to "fix" and the officers suggested a restroom at a service station. However, the defendant insisted that they go to his house. After the three arrived at defendant's house and after some discussion, the officers pulled their guns, informed the defendant that they were police officers, and attempted to place him under arrest. Defendant fought back vigorously hitting the officers in the face and kicking one of the officers in the groin. In the process, the defendant claims he was severely beaten. He was taken to the hospital where he refused medical attention and then to the police station where he was later charged with two counts of aggravated battery and one count of unlawful offer to sell narcotics, § 36–1002.02 A.R.S.

The defendant admitted a prior conviction and waived trial by jury. The trial court acquitted the defendant on the charge of offer to sell narcotics, but found him guilty of both counts of aggravated battery. From a sentence of two to three years on each count to be served concurrently, the defendant appeals.

### REFERENCE TO PREVIOUS CONVICTION

Prior to the commencement of the trial the following transpired:

"MR. ROGERS: We admit the prior conviction.

"THE COURT: You admit it? All right. This allegation of prior conviction that states you were convicted February 11, 1964, for the crime of grand theft here in Pima County, and your lawyer says you admit that you were convicted of that particular crime.

"MR. TELLEZ: Yes.

"THE COURT: The record may show the defendant admits the prior conviction. * * *"

The Rules of Criminal Procedure in effect at that time stated as follows:

" * * * If the defendant pleads not guilty and answers that he has been previously convicted, the charge of the previous conviction shall not be read to the jury nor alluded to on the trial." Rule 180, Rules of Criminal Procedure, 17 A. R.S.

On direct examination the defendant testified:

"Q And you have admitted you have had a prior conviction before the court this morning?

"A Yes, sir.

"Q Were you on parole from that prior conviction at the time of this occurrence?

"A Yes, I was on parole from the last time, yes, that I got out, three months left."

On cross-examination by the State the following transpired (without objection by defendant's counsel):

"Q How many felonies have you been convicted of?

"A Oh, twice.

"Q What was the first one?

"A Grand theft.

"Q And what kind of sentence did you get?

"A One to two."

█ It is clear that the prosecutor violated the mandate set down in Rule 180 in cross-examining or alluding to the defendant's previous convictions during trial when the defendant had admitted his prior convictions. State v. Gastelum, 75 Ariz. 271, 255 P.2d 203 (1953). We find no prejudice, however. First, the door was opened by the defendant during direct examination. Secondly, the trier of fact, the trial court, was already aware of the fact

of the prior conviction and the information was not new to the court. Admittedly, the State did indicate, by the cross-examination, that the defendant had more than one prior conviction. We still find no prejudice since it could be considered in response to the direct testimony which indicated that defendant had only one prior conviction. Third, the purpose of the rule is to prevent the prejudicial information from reaching the ears of the jury. The trial court is presumed capable of disregarding this information in reaching its decision. We find no prejudicial error.

## WAS THE EVIDENCE SUFFICIENT?

■ Section 13–245 A.R.S. reads as follows:

"(A) An assault or battery is aggravated when committed under any of the following circumstances:

\* \* \* \* \* \*

"(7) When the person committing the offense knows or has reason to know that the victim is a peace officer, or a person summoned and directed by such officer while engaged in the execution of any of his official duties."

The defendant testified that he did not hit the officers; that he did not know they were officers; and that they just started beating him when he refused to turn over the heroin he allegedly purchased. His testimony was weak on cross-examination and at the conclusion the trial court stated:

"THE COURT: I don't believe Mr. Tellez' version of what happened in relation to count one, or in relation to the other two, but I do have a reasonable doubt in my mind from a legal standpoint as charged in count one. So show judgment of the Court the defendant not guilty as charged in count one. Show it's the judgment of the Court the defendant is guilty as charged in count two and three. I've no reasonable doubt at all in my mind as to the battery issue. I think there was a battery committed on the offi-

cers when he knew that they were police officers. \* \* \*"

We have read the evidence and believe it supports the contention of the State and the finding of the trial court. The testimony was in direct conflict and the court resolved that conflict. We find no error.

## INCOMPETENCE OF COUNSEL

Defendant also contends on appeal that he did not receive effective representation from his privately retained counsel and therefore his conviction should be set aside. We do not agree with this contention.

■ The effectiveness of counsel is not measured by his success. State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968). However, in this regard it should be noted that the defendant was found not guilty of the more serious charge, unlawful offer to sell narcotics, and counsel was able to obtain defendant's release on his own recognizance both before and after trial. We have stated:

"When adequacy of counsel is attacked, the controlling principle is that a conviction will be held invalid on such grounds only if the representation by counsel was a farce or a sham. (citations omitted) We have said 'advocacy is a skill and art; easy to criticize, difficult to fairly appraise. Indeed, a postmortem of criminal trials, selected at random, would undoubtedly reveal flaws of varying magnitude in the trial techniques of respected members of the bar. Our profession is one in which hindsight is a meager measure of counsel's competency. \* \* \*' State v. Kruchten, 101 Ariz. 186, 197, 417 P.2d 510, 521 (1966). In one of the most recent cases concerning effective counsel, we have held that for a defendant to have been denied effective counsel, his counsel must have been so incompetent as to have made the trial a farce or mockery of justice. State v. Brookshire, 107 Ariz. 21, 480 P.2d 985 (1971). Counsel in the instant case ap-

pears to have adequately represented the defendant." State v. Brown, 107 Ariz. 375, 377, 489 P.2d 12, 14 (1971).

We have read the record and we do not believe it supports defendant's contention.

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.