Commonwealth *v.* Johnson, Appellant.

Submitted November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John R. Cook,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *George H. Ross,* Public Defender, for appellant.

*Louis R. Paulick* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1974:

Appellant contends that it was error for the court below to dismiss his petition under the Post Conviction Hearing Act, Act of January 25, P.L. (1965) 1580, 19 P.S. §1180-1 et seq., Supp. 1971, without holding an evidentiary hearing.

In July, 1971, appellant was tried by a judge sitting without a jury in the Court of Common Pleas of Allegheny County. Appellant was found guilty of attempt with intent to kill, violation of the Uniform Firearms Act, pointing firearms, and obstructing an officer in the execution of legal process. Appellant was sentenced on the first charge to a term of imprisonment of two and one-half to five years. Sentence on the other charges was suspended.

Counsel for appellant filed motions in arrest of judgment and for a new trial subsequent to the verdict of guilt. The court denied the motions in December, 1971. The conviction was affirmed per curiam by this Court, *Commonwealth v. Johnson,* 221 Pa. Superior Ct. 817, 291 A. 2d 913 (1972); allocatur was denied by the Supreme Court on September 20, 1972.

On October 16, 1973, the appellant filed a petition under §1180-9 of the Post Conviction Hearing Act wherein he alleged incompetent counsel as the sole basis for relief. In March, 1974, the judge who presided at the original trial dismissed the petition without an evidentiary hearing.

In his opinion, the judge based his denial of a hearing on his personal association with the appellant's attorney and on his recollection of the case which he had tried: "The defendant-petitioner was represented by Jacob Shulgold, Esquire. Few attorneys and certainly none currently practicing have had as many, many years criminal trial experience as has Mr. Shulgold. . . . [H]e was recognized as an able trial lawyer and earned himself the respect and esteem of the bar and bench as well. The Court concludes from a clear recollection of the proceedings in this case that in all respects the defendant-petitioner was represented in a highly capable and professional manner by Mr. Shulgold."

Section 1180-9 of the Act provides that "If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner." See, also, *Commonwealth v. Davis,* 433 Pa. 267, 249 A. 2d 766 (1969); *Commonwealth v. Johnson,* 431 Pa. 522, 246 A. 2d 345 (1968); *Commonwealth v. Dennis,* 427 Pa. 69, 233 A. 2d 525 (1967). Our Court has interpreted §1180-9 as requiring that "petitioners under the Act be given every conceivable legitimate benefit in the disposition of their claims for an evidentiary hearing." *Commonwealth v. Nahodil,* 212 Pa. Superior Ct. 77, 79, 239 A. 2d 840 (1968). Further, when the issue involved is the effectiveness of counsel, a hearing must ordinarily be held to resolve the question. *Commonwealth v. Nash,* 436 Pa. 519, 261 A. 2d 314 (1970).

Appellant alleged that he consulted with his attorney for only five minutes before trial, and that as a result, his attorney was not able to contact a witness necessary for appellant's defense. The Commonwealth argues that because the effectiveness of a trial lawyer cannot be measured by the length of time spent in preparation, (citing *Commonwealth ex rel. Davis v. Maroney,* 206 Pa. Superior Ct. 68, 210 A. 2d 920 (1965)), we can reject appellant's claim that five minutes was insufficient preparation time.

The Commonwealth's reliance on *Davis,* however, is unfounded. A mere allegation of scant preparation time obviously is not a sufficient basis to grant a new trial; as stated in *Davis,* at 72-73: "[a] case lacking in legal complexities . . . does not demand lengthy pretrial research, study or investigation." If appellant's allegation that his attorney did not follow up a bona

fide lead is true, however, the brevity of pre-trial consultation is relevant to the claim of ineffective assistance of counsel. If such an exculpatory witness existed, counsel would have been hard-pressed to secure the witness five minutes prior to trial. From the record we cannot resolve the issue. The question is one of fact; the evidentiary hearing guaranteed by the PCHA is designed to resolve such factual issues.

Nor is the trial judge's recollection of the case dispositive of appellant's factual claim. Recitation of appellant's attorney's reputation does not establish the fact that in the instant case the attorney handled the charges against appellant competently. The Supreme Court faced a similar issue in *Commonwealth v. Zaffina*, 432 Pa. 435, 248 A. 2d 5 (1968) : "Nor do we find persuasive the conclusion of the hearing judge that Mr. Kalson [trial counsel] is 'an experienced and able member of the bar.' While this finding is not questioned, it is hardly dispositive of the issue whether on *this* occasion the appellant was fully informed of his right to appeal. . . ." 432 Pa. at 440, 248 A. 2d at 8. Further, the court's recollection of the trial cannot justify a denial of a hearing. First, the judge's recollection is untested and off the record; therefore, absent the safeguards built into an evidentiary hearing, we have no way to discover the accuracy of the judge's memory of past events. Cf. *Zaffina*, supra. Appellant has a right to present testimony and to cross-examine counsel even if the same judge presides at the PCHA hearing and at trial. Second, the judge's recollection is insufficient basis to deny a hearing because appellant's factual allegation goes to an event which occurred before trial and was, therefore, not within the trial court's knowledge or recollection.

Because appellant alleges facts that "if proven would entitle [him] to relief", the court below erred in denying appellant an evidentiary hearing at which he could

have attempted to prove those facts. We, therefore, remand for an evidentiary hearing as provided by the Post Conviction Hearing Act.

JACOBS, J., dissents.