530 P.2d 402

**The STATE of Arizona, Appellee,**

v.

**Adelina Sanchez SUAREZ, Appellant.**

**No. 2 CA–CR 439.**

Court of Appeals of Arizona,
Division 2.

Jan. 15, 1975.

As Corrected Jan. 24, 1975.

---

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Leon Thikoll, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant's motion for post-conviction release under Rule 32.1 of 17 A.R.S, Arizona Rules of Criminal Procedure was summarily dismissed without a hearing under Rule 32.6(c). We find that such dismissal was proper and we affirm.

On June 14, 1974, appellant was found guilty of the crimes of first-degree burglary with a prior conviction and grand theft with a prior conviction. She was placed on probation for ten years with the condition that she enter an in-patient heroin treatment program. On July 16 the county attorney filed a petition to revoke probation on the ground that appellant had violated the condition by continuing to use heroin while awaiting placement in the program. Probation was revoked on August 15 and appellant was sentenced to two terms of 10 to 12 years in prison on the

**46**

burglary conviction and the grand theft conviction, running concurrently. A motion for post-conviction release was filed on September 10 and on October 23, without a hearing, the motion was denied under Rule 32.6(c).

■ In her petition, appellant raised, among other things, the argument of ineffective assistance of counsel to warrant post-conviction relief. Such a ground is within the scope of Rule 32.1. In the language of the comment to Rule 32.6:

> "If the court finds from the pleadings and record that all of the petitioner's claims are frivolous and that it would not be beneficial to continue the proceedings, it may dismiss the petition. . . . However, if the court finds any colorable claim, it is required by Townsend v. Sain, 83 S.Ct. 745, 372 U.S. 293, 9 L.Ed.2d 770 (1963) to make a full factual determination before deciding it on its merits."

■ To be colorable, a claim has to have the appearance of validity. That is, if appellant's contentions are taken as true, do they successfully show ineffectiveness of counsel? We have no difficulty in saying no. The mere objecting to, or nonobjecting to, evidence and the omission of character witness testimony does not make appellant's defense a sham. State v. Tellez, 111 Ariz. 34, 523 P.2d 62 (1974); State v. Brookshire, 107 Ariz. 21, 480 P.2d 985 (1971). The purpose of the summary disposition provision is to allow the judge to rid the court of no merit post-conviction motions without a full hearing. Such summary disposition was properly utilized.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.