545 P.2d 930
**STATE of Arizona, Appellee,**

v.

**Andre Mark ROGERS, Appellant.**

**No. 2902.**

Supreme Court of Arizona,
In Banc.

Jan. 29, 1976.

Rehearing Denied March 2, 1976.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Richard M. Davis and Michael P. Pollard, Tucson, for appellant.

HOLOHAN, Justice.

Andre Mark Rogers, appellant, was indicted for first degree murder along with a co-defendant, Homer Gerald Payne. Subsequently, pursuant to a plea bargain, the appellant entered a plea of guilty to the charge of second degree murder. Appellant was sentenced to a term of not less than 20 nor more than 30 years in the Arizona State Prison.

Appeal was taken from the judgment of conviction and sentence. Pursuant to Rule 32 of the Rules of Criminal Procedure, 17 A.R.S., appellant filed a petition for post-conviction relief, and the appeal was suspended pending the determination of that petition. The petition, charging incompetency of counsel, was denied as well as the appellant's motion to reconsider the denial and for leave to file an amended petition for post-conviction relief.

By this appeal, appellant attacks the jurisdictional basis and the voluntariness of the guilty plea, the denial of his petition and amended petition for post-conviction relief, and the reasonableness of the sentence.

Appellant argues that the trial court's acceptance of the plea was jurisdictionally defective in that the information charging the appellant with second degree murder was not formally filed until after the plea.

The record reflects the following:

"THE COURT: Have you filed an amended Information?

"MR. DINGELDINE: I will file with Mr. Callaway's permission an Information with the Court charging second degree. Is that all right?

"MR. CALLAWAY: Yes. There should have been one. I don't know why there wasn't.

"MR. DINGELDINE: I agree there should be one. It isn't here.

"THE COURT: You may have the right to file one, but will you waive the reading of it and any rights that might attach to the Information as far as a preliminary hearing or any procedural rights at all?

"MR. CALLAWAY: Yes, Your Honor, I would, but I would ask that the Court receive a copy of it this morning and I be furnished a copy also so I can go over the amended Information with my client.

"THE COURT: Do you wish to continue this and bring your client back in?

"MR. CALLAWAY: No.

"THE COURT: I don't want any problems.

"MR. CALLAWAY: No.

"THE COURT: I can have the Defendant brought back here at 11:30, or something like that.

"MR. CALLAWAY: No. The only thing I ask that it be filed this morning and I receive a copy of it.

"THE COURT: And you waive any rights attached thereto then?

"MR. CALLAWAY: Yes, Your Honor.

"THE COURT: Do you wish to proceed with the plea to the amended Information as if it were filed at this time?

"MR. CALLAWAY: Yes, Your Honor.

"THE COURT: Is that right?

"THE DEFENDANT: Yes."

It is basic that a person cannot be convicted of an offense not charged against him by indictment or information. Ariz. Const. Art. 2, § 30; *Ex parte Coone,* 67 Ariz. 299, 195 P.2d 149 (1948); *State v. Mallory,* 19 Ariz.App. 15, 504 P.2d 556 (1972). Appellant, however, was indicted on the charge of first degree murder and pled guilty to its lesser included offense of second degree murder. Consequently, appellant was advised of the charges against him and the need to prepare and present any defense which he might have to all elements of the principal charge and its included offenses. Moreover, appellant is precluded from asserting error in the procedure because appellant consented to the procedural irregularity. *State v. Endreson,* 109 Ariz. 117, 506 P.2d 248 (1973); *State v. Acosta,* 103 Ariz. 43, 436 P.2d 592 (1968). We find no reversible error in the trial court's decision to permit the appellant to plead guilty to a lesser included offense without delivery of a new information or indictment. *State v. Minton,* 276 Minn. 213, 149 N.W.2d 384 (1967). The correct procedure is to await the filing of the amended information before taking the plea.

[4, 5] Appellant also contends that his guilty plea was not intelligently and voluntarily entered because the elements of the offense were not explained to him. It is clear that the trial court affirmatively advised the appellant of all rights to which he was waiving as required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It is not necessary for the court to explain the elements of the crime to the accused before the plea can be considered intelligent and voluntary. *State v. Duran,* 109 Ariz. 566, 514 P.2d 487 (1973). The fact that appellant was aware of the first degree murder charge against him, had conversed with his counsel "numerous times" regarding the guilty plea, and had acquiesced to the procedural irregularity discussed above renders it certain that appellant did understand the nature of the offense charged. Similarly, the record adequately indicates that the trial court was sufficiently informed as to the factual basis of the guilty plea.

Appellant next asserts that the trial court erred in dismissing appellant's petition for post-conviction relief without a hearing and without leave to amend. The trial court denied the petition for post-conviction relief without hearing. Thereafter, appellant filed a motion to reconsider and set aside denial and for leave to file an amended petition for post-conviction relief. The court denied the motion in its entirety.

Rule 32.6(d) adopts a liberal policy toward amendments of post-conviction pleadings at all stages prior to the entry of judgment. The appellant filed his motion for leave to amend after the ruling of the trial court. Subsequent to the court's refusal to grant appellant's motion for leave to amend and to reconsider the denial of appellant's original petition, the appellant proceeded to file the amended petition accompanied by a stipulation that the amended petition had been submitted to the court at the hearing to reconsider. The appellant's filing of the amended petition without leave of court necessitated the trial court to repeat its earlier ruling denying the motion. We cannot conclude on these facts that the liberal policy of amending post-conviction pleadings was frustrated or that the sound discretion vested within the trial court was abused.

■ Additionally, appellant contends that he was entitled to an evidentiary hearing on the allegations in his post-conviction petition regarding the incompetency of his trial counsel. In order to require a hearing, there must be a material issue of fact raised in the pleadings. 17 A.R.S. Rules of Criminal Procedure, Rules 32.1(a), 32.-6(c), 32.8. Where the allegation of incompetency of counsel is made, appellant must proffer allegations that, if taken as true, demonstrate actual incompetency of counsel as reflected in the manner of carrying out his duties as trial counsel, and substantial prejudice resulting therefrom without which the outcome would probably have been different. *State v. Suarez*, 23 Ariz. App. 45, 530 P.2d 402 (1975).

Appellant predicated his ineffective counsel claim on several grounds: that appointed counsel failed to adequately inform him of the nature of the plea, of the possible range of sentence; that he failed to assist the petitioner in presenting evidence which may have materially affected appellant's sentence. In the amended petition, the appellant additionally alleged that his counsel failed to administer a polygraph test to determine appellant's role in the murder charge, and he alleges that his counsel did not adequately explain to him the distinctions between second degree murder and manslaughter. Nothing other than appellant's affidavit was offered to support his charge.

■ Since no hearing was held, the record below must show that there was no material issue of fact or law which would entitle the petitioner to post-conviction relief. Rule 32.6(c), Rules of Criminal Procedure (1973). A review of the trial court record shows that the appellant was specifically informed of the range and extent of the sentence for second degree murder and the trial court scrupulously applied the *Boykin* requirements. At the sentencing hearing, counsel for appellant called to the attention of the court various psychiatric reports favorable to the appellant and forcefully argued that appellant should receive a lenient sentence.

The record also discloses no merit to the allegations of the amended petition. While the appellant has consistently maintained in his several statements to law enforcement officers, examining physicians, and the probation officer that he did not intend to kill the deceased, appellant admits that he and his co-defendant forced entry into the house of the deceased to secure the return of the co-defendant's property, and appellant states that he struck the victim three times with a crowbar, but this action was taken to subdue the victim, not to kill him. With the admissions of the appellant it is clear that the failure of the defense counsel to obtain a lie detector test of appellant was no indication of incompetence of counsel. Nor was it necessary that appellant be advised of the difference between second degree murder and manslaughter in view of the admissions of the appellant. The record compels the conclusion that the appellant was guilty of felony murder or at the least second degree murder. A.R.S. § 13-452. *Kinsey v. State,* 49 Ariz. 201, 65 P.2d 1141 (1937). The admitted acts of the appellant do not constitute manslaughter. A.R.S. § 13-456.

Resolving all reasonable doubts in favor of the appellant, no genuine issue of incompetence of counsel has been raised. *State v. Tellez,* 111 Ariz. 34, 523 P.2d 62 (1974); *State v. Brookshire,* 107 Ariz. 21, 480 P.2d 985 (1971). In light of the record below, appellant's allegations of incompetency of trial counsel disclose no material legal or factual issue to require a hearing under Rule 32.8 and the petition was properly dismissed by the trial court. 17 A.R.S. Rules of Criminal Procedure, Rule 32.6(c).

■ Appellant's final contention is that the sentence of from 20 to 30 years was excessive under the circumstances of his allegedly subordinate role in the murder. The trial court was fully aware of the appellant's version of the incident as well as

that of his co-defendant's. Before pronouncing sentence, the trial court had the benefit of reviewing several psychiatric reports, the grand jury transcript, and a presentence report. The sentence imposed falls within statutory limits. In light of appellant's past history involving violations of the law, we find no abuse of discretion by the trial court in the sentence imposed. *State v. McDonald,* 111 Ariz. 159, 526 P.2d 698 (1974); *State v. Snyder,* 111 Ariz. 366, 529 P.2d 1183 (1975).

Judgment and sentence affirmed.

STRUCKMEYER, V. C. J., and HAYS, and GORDON, JJ., concur.

CAMERON, Chief Justice (dissenting).

I regret that I must dissent in this matter.

A brief review of the facts is necessary. After defendant's adjudication of guilt, an appeal was perfected. On 12 April 1974 the petitioner then moved in this court that the public defender's office, who represented petitioner at trial, be removed because of an alleged conflict. We remanded the question to the Presiding Judge of Pima County for a factual determination as to whether a conflict of interest did exist between appellant and the public defender's office. After hearing a new counsel was appointed. Thereafter the defendant moved to suspend the appeal in this court for the purpose of filing a petition for post-conviction relief pursuant to Rule 32. This motion was granted on 2 July 1974.

The petition, as amended, alleged a denial of a constitutional right to be represented by competent counsel, specifically alleging:

"1. Petitioner's counsel did not adequately inform petitioner of the consequences of his plea and the nature of the plea in regard to the possible range of sentence.

"2. Petitioner's counsel did not assist petitioner in presenting evidence to the Court which could materially affect the sentencing of petitioner.

"3. Petitioner's attorney in the trial court stated that petitioner would be given a polygraph to determine the relative roles of petitioner and the co-defendant in the homicide. This was of primary materiality to the sentencing; the co-defendant had a gun. Petitioner was never given the polygraph test. Said polygraph was essential to substantiate petitioner in showing that his acts were occasioned by the co-defendant's threatened use of the pistol.

"4. Petitioner's counsel did not make clear to him the distinctions between second degree murder and manslaughter."

Although there was a response to the original petition, the county attorney filed no pleadings in response to the amended petition and allegations 3 and 4 were not answered. No hearing was held on this petition or these allegations and the petition was summarily denied.

Rule 32.8(a) states:

"a. *Plenary Hearing.* The petitioner *shall* be entitled to a hearing to determine issues of material fact, with the right to be present and to subpoena witnesses in his behalf. * * * A verbatim record of the hearing shall be made." (Emphasis supplied)

This gives the petitioner a right to be heard on this petition, a record made for this court and the federal court, and by Rule 32.8(d) the court is then required to make a finding of fact.

The purpose of post-conviction relief rules and statutes such as Rule 32 of the Rules of Criminal Procedure 1973 is to provide not only a procedure whereby a defendant may be heard and receive relief as demanded by state and federal law, but also to provide a record whereby the appellate courts of this state or the federal courts may determine whether the facts do or do not support petitioner's claim for relief. Our Court of Appeals has stated:

"In our opinion Rule 32 has as its aim the establishment of proceedings to determine the facts underlying a defend-

ant's claim for relief when such facts are not otherwise available. The comments to Rule 32.2 make this clear when they discuss the availability of federal review of state criminal proceedings:

'The federal courts will indulge in only limited review of state court rulings on claims of deprivation of federally protected constitutional rights when those claims have been *resolved on the merits after an adequate fact-finding inquiry.*' (Emphasis added).

"When Rule 32.2 is viewed with this aim in mind, we are of the opinion that the preclusion of post-conviction relief under this rule on the ground that the matter is still raisable on direct appeal applies only to those matters in which a sufficient factual basis exists in the record for the appellate court to resolve the matter." *State v. Bell,* 23 Ariz.App. 169, 531 P.2d 545, 547 (1975).

Although post-conviction statutes and rules vary from state to state, the general rule is:

"Our post-conviction statute requires that a petition invoking its provisions contain factual allegations which make a substantial showing that in the criminal trial there was a deprivation of constitutional rights. (citation omitted) Mere conclusional allegations are wholly inadequate. (citation omitted) Before a post-conviction petitioner is entitled to an evidentiary hearing, he must, in his petition plead factual allegations which, if true, show that constitutional rights were violated. (citation omitted) If he does not, his petition may be dismissed without a hearing. (citations omitted) And in deciding whether he is entitled to an evidentiary hearing, the trial court may look at and examine the record and transcript in order to determine the sufficiency of the post-conviction petition. (citations omitted)." *People v. Barkan,* 30 Ill.App.3d 305, 332 N.E.2d 527, 530 (1975). (Footnote omitted)

But courts have also been careful to allow a hearing where there is a showing that the petitioner is entitled to an inquiry by the trial court on the statements made in his petition:

"We disagree with the trial court's finding that appellant's post-conviction petition is nonmeritorious. Our concern on review is whether the appellant has alleged sufficient facts, borne out by the record and transcript of the conviction hearing, to require an evidentiary hearing on appellant's post-conviction petition in accordance with section 122–6. To determine this, we must look to the allegations contained in the post-conviction petition, construed liberally in favor of the appellant, and as set forth in light of the record and transcript of the conviction proceeding now before us. The function of pleadings under the Post-Conviction Hearing Act is to determine whether the petitioner is entitled to a *hearing;* it is not the intention or purpose of the Post-Conviction Hearing Act that constitutional claims be adjudicated on the pleadings. (citation omitted)." *People v. Wise,* 26 Ill.App.3d 158, 160, 331 N.E.2d 302, 304 (1975).

And the Pennsylvania court has pointed out that a factual determination is even more important where we are concerned with adequate representation of counsel:

"Section 1180–9 of the Act provides that 'If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner.' (citations omitted) Our Court has interpreted § 1180–9 as requiring that 'petitioners under the Act be given every conceivable legitimate benefit in the disposition of their claims for an evidentiary hearing.' (citation omitted)

**12**

Further, when the issue involved is the effectiveness of counsel, a hearing must ordinarily be held to resolve the question. (citation omitted)" *Commonwealth v. Johnson,* 231 Pa.Super. 30, 33, 331 A.2d 750, 751 (1974).

I believe that any doubt whether to hold a hearing pursuant to Rule 32.8(a) or to summarily dispose of the matter pursuant to Rule 32.6(c) should be resolved in favor of a hearing in order that an early record can be made.

In the instant case, the allegations made by the petitioner indicate colorable claims and he should have been allowed a hearing upon his allegations.

Although I am not persuaded that petitioner will necessarily prevail on the merits, I am satisfied that he has set forth sufficient allegations to entitle him to a hearing and to findings of fact by the trial court based upon the record as well as any evidence adduced at a hearing on the petition.