NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

TEDDY LEE LOWE, *Petitioner.*

No. 1 CA-CR 15-0425 PRPC
FILED 4-20-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2013-004359-001
The Honorable William L. Brotherton, Jr., Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART; RELIEF DENIED
IN PART; REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Teddy Lee Lowe, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

J O H N S E N, Judge:

¶1　　　　Teddy Lee Lowe petitions this court for review from the dismissal of his first petition for post-conviction relief.[1] We have considered the petition for review and, for the reasons stated, grant review and grant relief in part, deny relief in part.

¶2　　　　Lowe pled guilty to possession of narcotic drugs for sale and misconduct involving weapons with a stipulation of incarceration for no more than the presumptive terms, to be served concurrently. Lowe failed to appear at sentencing, however, and a bench warrant was issued. After Lowe was apprehended, the superior court sentenced him to consecutive prison sentences of 10.5 years' incarceration on the drug possession charge, an aggravated sentence, and the presumptive term of 2.5 years' incarceration on the weapons charge. The court later corrected the sentencing minute entry to provide for an aggregate sentence of 12.5 years.[2]

¶3　　　　In his petition for review and amended petition for review filed in this court, Lowe argues the superior court erred when it dismissed his petition for post-conviction relief. He asserts (1) his lawyer was ineffective for failing to file a motion to suppress; (2) he was credited with an insufficient number of days of presentence incarceration; (3) the court imposed illegal sentences; and (4) his lawyer was ineffective in connection with his sentencing.

¶4　　　　A decision as to whether a petition for post-conviction relief presents a colorable claim is a discretionary decision for the superior court.

---

[1]　　　Lowe filed a motion to amend his petition for post-conviction relief in the superior court, which was incorporated into the record of the current petition but which the superior court construed as a successive notice for post-conviction relief.

[2]　　　On September 12, 2016, the superior court amended the sentencing minute entry dated June 16, 2014, to state that Lowe was sentenced to 10 years for Count 1.

*State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988); *State v. Adamson*, 136 Ariz. 250, 265 (1983). A claim must have the appearance of validity. *State v. Suarez*, 23 Ariz. App. 45, 46 (1975). In other words, there must be something in the record that arguably supports the claim. *Id.*

**¶5** To state a colorable claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985).

**¶6** Lowe first argues his trial counsel was ineffective because he did not file a motion to suppress evidence discovered as a result of an illegal stop. Lowe, however, failed to provide enough facts to the superior court to support his contention that police lacked sufficient cause to stop his car.

**¶7** Lowe next argues the superior court awarded him fewer days of presentence incarceration credit than he was entitled to. In a minute entry filed on January 11, 2016, however, the superior court corrected his presentence credit: It found Lowe was entitled to 246 days of presentence incarceration credit instead of 96.

**¶8** Lowe next asserts the court imposed an illegal sentence, but provides little in the way of argument or explanation in support of that contention. He does not argue the court lacked the statutory power to impose the sentences the court ordered. Lowe argues the superior court could not impose harsher sentences than those to which he had stipulated; however, the plea agreement expressly allowed the court to do so if he did not appear for sentencing.

**¶9** Lowe also argues his counsel was ineffective in connection with his sentencing. At the change of plea hearing, the court warned Lowe that he must appear at the scheduled sentencing, and that if he did not do so, the court would not be bound by the stipulated sentences in the plea agreement. In his petition for post-conviction relief, Lowe asserted that his counsel knew on the day that he was scheduled to be sentenced that Lowe was ill and had been admitted to a hospital but that his counsel failed to take appropriate steps to inform the court that Lowe's failure to appear for sentencing was involuntary. With his petition for relief, Lowe submitted a copy of a hospital form bearing the date of the scheduled sentencing. According to the transcript of the rescheduled sentencing, Lowe's lawyer told the court that after he learned Lowe was ill, he instructed Lowe to provide the court with some evidence of his hospital stay, and left it to Lowe

to arrange another date for sentencing. Given that the court sentenced Lowe to a significantly longer aggregate period of incarceration than had been stipulated to in the plea agreement, and the only explanation the court provided for its decision to do so was its conclusion that Lowe voluntarily failed to appear for the initial sentencing, we conclude that the evidence is sufficient to support a colorable claim for relief for ineffective assistance of counsel.

¶10 For the reasons stated, we remand Lowe's claim for ineffective assistance of counsel in connection with his sentencing. Given our resolution of the petition for review, we need not address Lowe's other claims pertaining to his sentencing.

¶11 We grant review and grant relief on Lowe's claim that his trial counsel was ineffective in connection with his sentencing. We deny relief on Lowe's other claims addressed *supra* ¶¶ 6-8, and remand for proceedings consistent with this memorandum decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

4