NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RUDY BARRIGA, *Petitioner*.

No. 1 CA-CR 15-0816 PRPC
FILED 5-18-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2013-433449-002
The Honorable Sam J. Myers, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Rudy Barriga, Florence
*Petitioner*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1**      Rudy Barriga petitions this court for review from the dismissal of his petition for post-conviction relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**      In 2014, Barriga pled guilty to two amended counts of attempted molestation of a child and one count of sexual conduct with a minor; all dangerous crimes against children. The superior court imposed a sentence of twenty years' imprisonment to be followed by two lifetime probation tails. Barriga filed a timely pro per "Of-Right Rule 32 Post-Conviction Relief" which the superior court dismissed. It is from this dismissal that Barriga seeks relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶3**      Barriga's petition for post-conviction relief raised a claim of ineffective assistance of counsel alleging that he did not enter the guilty plea knowingly, intelligently, and voluntarily based on three grounds: (1) trial counsel failed to advise Barriga of the court's "order to hold a settlement conference or about a Donald advisement"; (2) trial counsel failed to advise Barriga about "specific doubts about the evidence that was 'provided' to the police department"; and (3) trial counsel failed to advise Barriga of three prior plea offers "that were for less prison time than [he] ultimately received."

**¶4**      The superior court dismissed Barriga's petition for post-conviction relief finding that he had no constitutional right to a settlement conference and that when he accepted the plea offer, the settlement conference and *Donald* advisory became unnecessary. *See State v. Donald*, 198 Ariz. 406, 414, ¶ 23 (App. 2000). Regarding the "specific doubts about the evidence," the superior court found Barriga did not explain what he meant, and that by accepting a plea Barriga gave up his opportunity to contest the State's evidence against him. Further, the superior court found that Barriga failed to demonstrate a colorable claim of

ineffective assistance of counsel and failed to support his claim that the plea agreement was not entered knowingly, intelligently, and voluntarily.

## DISCUSSION

**¶5**        On review, Barriga claims that the superior court abused its discretion when it found that Barriga did not demonstrate a colorable claim of ineffective assistance of counsel. Barriga also claims the factual basis to the guilty plea was contrary to the State's motion under Arizona Rule of Criminal Procedure 404(B). Further, Barriga faults the superior court for failing to investigate his claims or the evidence presented and for failing to hold an evidentiary hearing.

**¶6**        A decision as to whether a petition for post-conviction relief presents a colorable claim is to some extent, a discretionary decision for the trial court. *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988); *State v. Adamson*, 136 Ariz. 250, 265 (1983). A claim must have the appearance of validity. *State v. Suarez*, 23 Ariz. App. 45, 46 (App. 1975). In other words, there must be something in the record that arguably supports the claim. *Id.* Having considered the issues presented, and the facts and law argued, this court finds that Barriga has not met his burden.

**¶7**        Regarding ineffective assistance of counsel, the burden is on the petitioner seeking post-conviction relief to show ineffective assistance of counsel, and the showing must be that of a provable reality, not mere speculation. *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999). To demonstrate ineffective assistance of counsel, a defendant is required to establish both that counsel's performance fell below an objectively reasonable professional standard and that there is a reasonable probability that the deficient performance caused prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). Barriga establishes neither prong of the *Strickland* standard. He does not provide sufficient facts to substantiate the argument. It is true that ineffective assistance of counsel that leads a defendant to reject a favorable plea and proceed to trial is a cognizable claim. *State v. Donald*, 198 Ariz. 406, 414, ¶ 20 (App. 2000). However, while Barriga asserts that three plea offers were made, he does not develop or provide evidence of the three pleas he references. Nor does Barriga provide argument to explain why he believes the trial court's ruling is legally or factually incorrect. Finally, he fails to provide detail and specificity to support the claim that he was prejudiced by trial counsel's alleged ineffectiveness. In the absence of any developed argument that the court erred by rejecting those claims, we are compelled

to deny relief. *See State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (insufficient argument waives claim on review).

**¶8**        Entry of a guilty plea waives all non-jurisdictional defects, including ineffective assistance of counsel, other than ineffectiveness about matters directly relating to entry of a guilty plea. *State v. Quick*, 177 Ariz. 314, 316 (App. 1993). Statements made to the superior court at a change of plea hearing regarding voluntariness are normally binding on a defendant. *State v. Hamilton*, 142 Ariz. 91, 93 (1984). Here, trial counsel made a factual basis for each count. Barriga agreed that all statements made regarding the factual bases were true and correct.

**¶9**        Further, it is well established that when a defendant enters into a written plea agreement, he consents to the amendment of the charge against him without the filing of a further charging document. *State v. Wilson*, 126 Ariz. 348, 352 (App. 1980). Barriga's allegation that the trial court accepted a factual basis in contradiction to the evidence described in the State's Rule 404 motion is therefore moot. Notwithstanding the issue's mootness, the record indicates that this allegation is also factually incorrect. Barriga argues the trial court abused its discretion by accepting evidence for uncharged acts. A review of the record shows the State, in its Motion to Admit Evidence of Other Acts pursuant to Rule 404(B) and (C), detailed the conduct Barriga was alleged to have engaged in. The motion's description of the events which led to the State's charging of counts 2 and 3 is not only consistent with the indictment, but also the factual bases presented by trial counsel and agreed to by the State and Barriga. Barriga fails to establish deficient conduct by trial counsel or abuse of discretion by the trial court when it accepted his guilty plea.

**¶10**        Finally, regarding Barriga's assertion that the trial court failed to investigate his post-conviction claims and then abused its discretion when no evidentiary hearing was held; the trial court need not conduct an evidentiary hearing based on mere generalizations and unsubstantiated claims of ineffective assistance of counsel. *State v. Borbon*, 146 Ariz. 392, 399 (1985). Barriga failed to state a colorable claim and therefore, no evidentiary hearing was necessary. Further, Barriga is mistaken in his belief that the trial court was under an obligation to investigate his claims. A petition for review must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record. Ariz. R. Crim. P. 32.9(c)(1)(iv) (petition must contain "[t]he reasons why the petition should be granted" and either an appendix or specific references to the record, but "shall not incorporate any document by reference, except the appendices"); Ariz. R. Crim. P. 32.9(c)(1)(ii) (petition must state "[t]he

issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *State v. Rodriguez*, 227 Ariz. 58, 61, ¶ 12, n. 4 (App. 2010) (declining to address argument not presented in petition). Barriga failed to meet this burden.

## CONCLUSION

¶11 Based on the forgoing, while we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA