NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANN MARIE BENJAMIN, *Petitioner*.

No. 1 CA-CR 16-0357 PRPC
FILED 4-12-2018

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201400984
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Jarrod B. Long
*Counsel for Respondent*

Ann Marie Benjamin, Prescott
*Petitioner*

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding
Judge Paul J. McMurdie and Chief Judge Samuel A. Thumma joined.

**S W A N N**, Judge:

¶1            Ann Marie Benjamin petitions for review from the summary dismissal of her of-right petition for post-conviction relief.  For reasons that follow, we grant review but deny relief.

¶2            Benjamin pled guilty to aggravated harassment, a class 5 felony and domestic violence offense, with one historical prior felony conviction.  The trial court sentenced her as a repetitive offender to a presumptive 2.25-year term of imprisonment.

¶3            Benjamin filed a timely notice of post-conviction relief. Appointed counsel filed a notice of completion of review stating counsel was unable to find any colorable claims. Benjamin filed a pro per petition for post-conviction relief raising claims of ineffective assistance of counsel and involuntary plea.  The trial court summarily dismissed the petition, ruling Benjamin failed to state a colorable claim for relief.  This petition for review followed.

¶4            On review, Benjamin argues the trial court erred in dismissing her petition for post-conviction relief based on a finding that she failed to state a colorable claim for relief.  Absent an abuse of discretion or error of law, this court will not disturb a trial court's ruling on a petition for post-conviction relief.  *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

¶5            Summary dismissal of a petition for post-conviction relief is appropriate "[i]f . . . the court determines that no . . . claim presents a material issue of fact or law that would entitle the defendant to relief under [Ariz. R. Crim. P. 32]."  Ariz. R. Crim. P. 32.6(d)(1).  To be entitled to an evidentiary hearing, a petitioner must present a colorable claim.  *State v. Krum*, 183 Ariz. 288, 292 (1995).  A colorable claim is one that, if the allegations are true, would probably have changed the outcome.  *State v. Amaral*, 239 Ariz. 217, 219–20, ¶ 10 (2016).

¶6            To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that counsel's deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To be colorable, the claim must have the appearance of validity, a determination that the trial court is in a better position to make than this court."  *State v. Boldrey*, 176 Ariz. 378, 380 (App. 1993).  To have the appearance of validity, there must be something in the record that arguably supports the claim.  *State v. Suarez*, 23 Ariz. App. 45, 46 (1975); *see State v.*

*Wilson*, 179 Ariz. 17, 20 (App. 1993) (a defendant's self-serving affidavit alone is generally insufficient).

¶7            In her petition for post-conviction relief, Benjamin alleged her counsel was ineffective by failing to investigate her case, by failing to provide information regarding the plea agreement, and by coercing her guilty plea. Although Benjamin claimed her counsel failed to investigate her case, prepare a defense, and request a presentence report, she offers no specifics as to what those actions would have accomplished or how they would have changed the outcome. The trial court need not conduct an evidentiary hearing based on mere generalizations and unsubstantiated claims of ineffective assistance of counsel. *State v. Borbon*, 146 Ariz. 392, 399–400 (1985).

¶8            There was likewise no abuse of discretion by the trial court in finding Benjamin was fully informed regarding the material terms of the plea agreement. The record reflects that the trial judge who accepted the plea went over the terms of the plea agreement with her, and Benjamin assured the judge that she had read the plea agreement, understood its terms, and understood the rights she was waiving by pleading guilty. The trial court could therefore reasonably conclude that her allegation that she lacked the information necessary to make a knowing and intelligent decision to plead guilty due to ineffective assistance of counsel does not have the appearance of validity.

¶9            Benjamin's claim that her counsel coerced her guilty plea is equally lacking in merit. At the change of plea hearing, the judge asked Benjamin whether anyone had forced, threatened or coerced her guilty plea and she responded "No." "A defendant must not tell the judge that [her] plea is entered into voluntarily if it is not." *State v. Hamilton*, 142 Ariz. 91, 93 (1984).

¶10           As part of her claim of ineffective assistance of counsel, Benjamin alleged the official transcript of the change of plea hearing was falsified. Benjamin submitted nothing in support of this assertion other than her own allegation. Absent some showing in the record to support this claim, it does not have an appearance of validity and therefore is not a basis for granting relief. *See Suarez*, 23 Ariz. App. at 46.

¶11           Benjamin also alleged a claim of ineffective assistance of post-conviction relief counsel. Like the claim raised in regards to trial counsel, Benjamin alleged her appointed post-conviction relief counsel failed to investigate her case or take action to protect her rights, but again offered no

specific detail of what action her counsel could have undertaken that would have changed the outcome. These sorts of generalized and unsupported allegations are insufficient to warrant an evidentiary hearing. *See Borbon*, 146 Ariz. at 399–400. Accordingly, the trial court did not abuse its discretion.

**¶12** Finally, to the extent Benjamin adds new claims for relief in her petition for review, such as a biased trial judge and an illegal and excessive sentence, we do not consider them. A petition for review may not raise issues not first presented to the trial court in the petition for post-conviction relief. *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *see also* Ariz. R. Crim. P. 32.9(c)(4)(B)(ii) (requiring petition for review to contain "a statement of issues the trial decided that the defendant is presenting for appellate review").

**¶13** Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA