## Commonwealth *v.* Osborn, Appellant.

Submitted November 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*William G. McConnell,* and *Cusick, Madden, Joyce & McKay,* for appellant.

*Robert F. Banks,* First Assistant District Attorney, and *Joseph J. Nelson,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

This appeal involves the question of whether or not appellant is entitled to a new trial where he alleges that his conviction was based on the perjured testimony of his co-defendant.

Appellant was convicted of burglary and larceny. During trial, appellant's co-defendant implicated him in the commission of these crimes. Appellant now contends that his co-defendant has recanted admitting that his testimony against appellant was perjured. The lower court which heard appellant's Post Conviction Hearing Act Petition denied his motion for a new trial.

If petitioner's sole reason for a new trial is that a prosecution witness has recanted, an appellate court will only reverse the lower court's denial of a new trial when there has been a clear abuse of discretion. *Commonwealth v. Coleman*, 438 Pa. 373, 377, 264 A. 2d 649, 651 (1970). Since the affidavit of a Commonwealth witness who recants his testimony is extremely unreliable, the hearing court must deny relief where it is not satisfied that a recantation is true. *Coleman*, supra; *Commonwealth ex rel. Estelle v. Cavell*, 191 Pa. Superior Ct. 200, 156 A. 2d 615 (1959).

Generally, recantation testimony is offered by an accomplice who no longer has any interest in telling the truth. The accomplice is usually induced to change his story to get his party "off the hook." Just as a co-defendant's testimony is viewed with caution when initially received, such testimony should be given no more credence when recanted. *Commonwealth v. Mosteller*, 446 Pa. 83, 284 A. 2d 786, 789 (1971).[1]

---

[1] In *Mosteller*, supra, the Supreme Court granted the appellant a new trial on the basis of the victim's recantation. The Court was careful to distinguish between the recantation of a victim and the

Considering that recantation involving perjury is the most unreliable form of proof, *Coleman*, supra, the lower court has not abused its discretion in denying a new trial.

Accordingly, we affirm the decision of the trial court to deny appellant a new trial.

---

recantation of an accomplice, which the court branded as inherently unreliable.