Commonwealth *v.* Fernandez, Appellant.

Submitted March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Francis P. Burns* and *Bruce S. Miller,* Assistant Public Defenders, and *James M. Reinert,* Public Defender, for appellant.

*James R. Anzalone* and *Jerome L. Cohen,* Assistant District Attorneys, *Daniel F. Daley,* First Assistant District Attorney, and *Patrick J. Toole, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., December 11, 1974:

This is an appeal from the denial after hearing of relief under the Post Conviction Hearing Act.[1] Appellant sought relief in the form of a new trial on the ground that there was new evidence that the witnesses against him at his trial had perjured themselves.[2]

Appellant was convicted of burglary and of robbery while armed with an accomplice. The witnesses against him were two co-defendants who had pleaded guilty. At the PCHA hearing appellant testified that both these witnesses had recanted and said they had perjured themselves in return for favored treatment, but when he called them at the hearing they refused to answer any substantive questions, instead invoking on advice of counsel their Fifth Amendment privilege.[3] A stipulation that certain other witnesses for appellant would have testified that the two former co-defendants had indeed made the statements appellant claimed they

---

[1] Act of Jan. 25, 1966, P. L. (1965) 1580, §1 *et seq.*, 19 P.S. §1180-1 *et seq.* (Supp. 1974-75).

[2] Appellant made another claim, which concerned after-discovered evidence of an alibi, but this was held below to have been waived and is not raised on this appeal.

[3] At the PCHA hearing these witnesses were represented by one attorney from the Luzerne County Public Defender's office, and appellant was represented by another attorney from the same office. Appellant claims that this created a conflict of interest. However, this court has rejected the claim that there is necessarily a conflict of interest when two attorneys from the same law firm each represents a co-defendant at trial. *Commonwealth v. Armbruster*, 225 Pa. Superior Ct. 415, 311 A. 2d 672 (1973). Further, we do not see how counsel's actions in this case necessarily imply a conflict of interest. If we accept appellant's statement of what the witnesses would have said, their testimony would have been an admission of perjury. Counsel was obliged to warn them of this. Also in this connection, the attempt by the Commonwealth to call the witnesses immediately after they had invoked the privilege, while ethically questionable, was not prejudicial to appellant's case. The witnesses had already refused to answer any questions that would have benefited appellant.

had made was received in evidence, with leave to appellant to argue that the stipulation was admissible to prove the truth of the statements, and to the Commonwealth to argue that it was admissible only to prove that the statements had been made. After considering the evidence Judge HOURIGAN denied appellant's petition, accompanying his order with a thorough opinion.

Credibility is the key when a new trial is sought on the basis of recanted testimony, and because a recantation, especially by a co-defendant, is so likely to be unreliable an appellate court will not interfere with an order refusing a new trial unless there has been a plain abuse of discretion. *Commonwealth v. Mosteller,* 446 Pa. 83, 284 A. 2d 786 (1971); *Commonwealth v. Coleman,* 438 Pa. 373, 264 A. 2d 649 (1970); *Commonwealth v. Osborn,* 223 Pa. Superior Ct. 523, 302 A. 2d 395 (1973); *Commonwealth v. Sholder,* 201 Pa. Superior Ct. 642, 193 A. 2d 632 (1963).

Judge HOURIGAN stated in his opinion that he did not find appellant's story credible. This finding was reasonable, especially since the alleged recantation was not made either under oath at the hearing, *Commonwealth v. Coleman, supra,* or in an affidavit, *Commonwealth v. Scull,* 200 Pa. Superior Ct. 122, 186 A. 2d 854 (1962).[4] It cannot be inferred from the former co-defendants' refusals to testify that they would have recanted their testimony, thereby implicitly admitting perjury, for to draw an inference from an invocation of the privilege against self-incrimination is improper. *See Commonwealth v. Jones,* 229 Pa. Superior Ct. 236, 327 A. 2d 638 (1974). Also, the result of drawing such an inference here would be that appellant would

---

[4] *Cf. Commonwealth v. Geho,* 232 Pa. Superior Ct. 16, 332 A. 2d 817 (1974) (quashing the Commonwealth's appeal from an order granting a new trial where the recanting witnesses swore to the recantation in an affidavit attached to the PCHA petition and also testified to their recantation at the hearing on the petition).

be granted a new trial without the recantors having admitted anything.

Order affirmed.