J-S54034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
              v.              :
                              :
                              :
R.A.S.                        :
                              :
              Appellant       :   No. 865 MDA 2020

Appeal from the PCRA Order Entered May 19, 2020
in the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0001660-2014

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 11, 2021**

R.A.S. appeals from the Order denying his first Petition for relief filed

pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously summarized the facts underlying the instant

appeal as follows:

> [R.A.S.] was charged with rape of a child, [involuntary deviate
> sexual intercourse with a child ("IDSI");] unlawful contact with
> minor, two counts[;] indecent assault [of a person less than 13
> years of age], two counts[;] [endangering the welfare of a child-
> parent or guardian ("EWOC")], two counts[;] [corruption of
> minors ("COM")], three counts[;] and simple assault, two
> counts[;[2]] following an initial investigation of alleged physical and
> sexual abuse of a male juvenile, [J.M.P.], which developed into
> charges [as to] multiple victims.  At trial[,] [J.M.P.] was 13 years
> of age, but the reported abuse occurred when [J.M.P.] was

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **See** 18 Pa.C.S.A. §§ 3121(c), 3123(b), 6318(a)(1), 3126(a)(7), 4304(a)(1),
6301(a)(1)(i)-(ii), 2701(a)(1).

between the ages of 6 and 11, while living in Lower Frankford Township, Cumberland County. In review, [J.M.P.] testified that [R.A.S.], his stepfather, sexually and physically assaulted him on repeated occasions. Specifically, [R.A.S.] would beat him with a belt, ping-pong paddle[,] and curtain wand. [J.M.P.] conveyed that [R.A.S.] would pull down [J.M.P.'s] pants as well as [R.A.S.'s] own pants and touch [J.M.P.'s] private part ... with [R.A.S.'s] hand and vice versa. [R.A.S.] told [J.M.P.] that he would not get in trouble and not to tell anybody.

[J.M.P.] testified that between the ages of 6 and 9, [R.A.S.] told [J.M.P.] to strip so [R.A.S.] could put "stuff" up [J.M.P.'s] "butt" more than once. This "stuff" included a straw, charger wire[,] and a pencil. [J.M.P.] reported that [R.A.S.] put his penis in [J.M.P.'s] butt more than once. Further, when [J.M.P. was] about 9 or 10 [years old,] [J.M.P.] stated [R.A.S.] used his phone to take pictures of [J.M.P.] and his brother while they were leaning naked together. [J.M.P.] also related that [R.A.S.] put his penis into [J.M.P.'s] mouth on more than one occasion.

[J.M.P.'s] stepbrother, [D.T.M.], age 14, testified that [R.A.S.'s] actions were mostly directed at [J.M.P]. [D.T.M.] corroborated some of the physical abuse that occurred between his ages of 9 and 12 to him and his brothers. [D.T.M.] related that [R.A.S.] was both verbally and physically abusive, which included the children being forced outside of the residence for many hours at a time, without food or water, which was followed by threats and reprisals. This occurred so often that [D.T.M.] would hide cups outside so they could get drinks of water from the hose. An incident where [D.T.M.] was struck in the face that caused a nose[]bleed was corroborated by a maternal aunt[,] who came to the residence and saw [D.T.M.] on the floor with a bloody nose and [R.A.S.] in a fight stance over [D.T.M].

[J.M.P.'s] youngest brother, [R.A.S.], age 10, confirmed the physical abuse that occurred to him between his ages of 5 and 8; specifically[,] that the boys were physically treated differently and generally recall[ed] being struck.

***Commonwealth v. R.A.S.***, 174 A.3d 70 (Pa. Super. 2017) (unpublished

memorandum at 2-3) (quoting Trial Court Opinion, 6/30/16, at 1-3) (footnote

added, some brackets and capitalization omitted).

- 2 -

Following a non-jury trial, R.A.S. was convicted of rape of a Child, IDSI, unlawful contact with a minor; indecent assault; EWOC-parent or guardian, two counts; COM, three counts, and simple assault. The trial court sentenced R.A.S. to an aggregate prison term of term of 178 to 360 months, followed by 540 months of supervised probation, and 252 months of unsupervised probation. This Court affirmed R.A.S.'s judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. **See id.**, **appeal denied**, 177 A.3d 827 (Pa. 2018).

On November 5, 2018, R.A.S. filed the instant timely Petition for PCRA relief, after which the PCRA court appointed counsel to represent R.A.S. Following evidentiary hearings, on May 19, 2020, the PCRA court denied relief. Thereafter, R.A.S. filed the instant appeal.[3]

R.A.S. presents the following claim for our review: "Whether the [PCRA] court erred in failing to grant a new trial when [R.A.S.] presented two

---

[3] The PCRA court's Order denying relief is dated May 20, 2020. However, the Order is time-stamped May 19, 2020, and the docket reflects that same date. R.A.S. filed his Notice of Appeal on June 20, 2020, one day after the 30-day appeal period. **See** Pa.R.A.P. 903(a). In response to a Rule to Show Cause issued by this Court, R.A.S.'s counsel explained that the Order mailed to him was hand dated May 20, 2020, and was not time-stamped. Under these circumstances, the record demonstrates a breakdown in the operations of the court, and we deem R.A.S.'s Notice of Appeal to be timely filed. **See**, **e.g.**, **Commonwealth v. Braykovich**, 664 A.2d 133 (Pa. Super. 1995) (stating that a breakdown in the operations of the court enlarges the appeal filing period).

witnesses[,] who provided credible recantation evidence and testimony[,] including that of the alleged primary victim[?]" Brief of Appellant at 6.

R.A.S. claims that the recantation testimony of the Commonwealth witnesses "caused the evidence of the charged offenses to be insufficient as a matter of law." *Id.* at 15. R.A.S. asserts that, "[i]n addition to the recanted trial testimony of actual sexual abuse, there was no basis for a conviction of unlawful contact with a minor …, and the trial court did not previously cite to any." *Id.* at 17. R.A.S. directs our attention to the testimony of J.M.P., who stated that no sexual abuse actually had occurred, and that his stepmother had forced him to falsely testify at trial. *Id.* at 18. According to J.M.P.'s testimony, it was fear of his stepmother that motivated him to offer false testimony against R.A.S. *Id.* R.A.S. posits that, without J.M.P.'s testimony, there was no evidence of sexual abuse by R.A.S. *Id.* at 19.

In reviewing the grant or denial of PCRA relief, an appellate court considers whether the PCRA court's conclusions are supported by the record and free of legal error. *Commonwealth v. Crispell*, 193 A.3d 919, 927 (Pa. 2018). Moreover, the factual findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given deference. *See Commonwealth v. Spotz*, 84 A.3d 294, 312, 319 (Pa. 2014).

> Our Supreme Court has acknowledged
>
> the limitations inherent in recantation testimony, which has been characterized as extremely unreliable. In fact, we have remarked

that [t]here is no less reliable form of proof, especially where it involves an admission of perjury. For that reason, we have emphasized that, when addressing an after-discovered evidence claim premised on recantation testimony, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole. Unless the [PCRA] court is satisfied that the recantation is true, it should deny a new trial.

*Commonwealth v. Small*, 189 A.3d 961, 977 (Pa. 2018) (internal quotation marks and citations omitted).

In its Opinion, the PCRA court summarized the recantation testimony, appropriately applied the law in assessing the witnesses' testimony, addressed R.A.S.'s claim, and concluded that it lacks merit. *See* PCRA Court Opinion, 8/20/20, at 3-4. We agree with the sound reasoning of the PCRA court, as set forth in its Opinion, and affirm on this basis with regard to R.A.S.'s claim on appeal. *See id.*

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/11/2021

COMMONWEALTH

v.

R        A        S

**Commonwealth of Pennsylvania**

**County of Cumberland**
IN THE COURT OF COMMON PLEAS OF
THE NINTH JUDICIAL DISTRICT

CP-21-CR-1660-2014

FILED 2020 AUG 20 AM 8: 15 CLERK OF COURT CUMBERLAND COUNTY PA

**IN RE: OPINION PURSUANT TO Pa.R.A.P. 1925(a)**

PLACEY C.P.J., 19 AUGUST 2020

PROCEDURAL HISTORY

On March 11, 2015, following a nonjury trial, Defendant was found guilty of Rape of a Child, 18 Pa.C.S. § 3121(c); Involuntary Deviate Sexual Intercourse with a child (IDSI), 18 Pa.C.S. § 3123(b); Unlawful Contact with a Minor, 18 Pa.C.S. § 6318(a)(I); Indecent Assault with a Person Less than 13 years of Age, 18 Pa.C.S. § 3126(a)(7); Simple Assault, 18 Pa.C.S. § 2701(a)(I); two counts of Endangering Welfare of Children, 18 Pa.C.S. § 4304(a)(I); and three counts of Corruption of Minors, 18 Pa.C.S. § 6301(a)(I)(i)-(ii). Defendant was found not guilty of the remainder of the charges at this thirteen (13) count Information.

On July 21, 2015, Defendant was sentenced to an aggregate term of incarceration of 178 months to 360 months to be followed by 540 months supervised probation and 252 months of unsupervised probation. Post-Sentence Motions were filed on July 31, 2015, requesting a new trial, modification of the sentence, and reconsideration of the Sexually Violent Predator finding. Argument was held on December 22, 2015, and Post-Sentence Motions were denied on June 30, 2016.

Defendant appealed, and on June 13, 2017, the Superior Court affirmed his conviction and sentence; thereafter, on January 3, 2018, the Supreme Court of Pennsylvania denied Defendant's Petition for Allowance of Appeal.

On February 12, 2018, *pro se* Defendant filed Petition for Transcripts and Discovery, and the request was granted. Defendant then filed for relief under the Post Conviction Relief Act on November 5, 2018. PCRA Counsel was appointed on November 19, 2019, the Commonwealth was directed to file and Answer to Defendant's Motion, and a hearing was set. Defendant was granted two continuances on April 22, 2019, and June 18, 2019, respectively.

Testimony was heard on August 6, 2019, and the parties were granted the opportunity to provide additional written briefs. On October 25,

2

2019, Defendant filed Hearing Request to provide testimony from additional witnesses. Defendant's request was granted, additional testimony was heard on December 17, 2019, and the parties were again granted additional opportunity to file written briefs. On March 16, 2020, Defendant filed Request for Additional Time to File Brief, the request was granted, and Defendant was given an additional thirty days to file his brief; however, no additional brief was filed. Defendant's Motion for Post Conviction Relief was denied on May 19, 2020, and Notice of Appeal was filed on June 19, 2020.

On appeal, Defendant claims "the Trial Court erred in failing to grant a new trial when [Defendant] presented two witnesses who provided credible recantation evidence and testimony including that of the alleged primary victim." Concise Statement of Errors Complained of on Appeal, filed July 9, 2020.

## STATEMENT OF FACTS

The facts of the case are well documented in this jurist's June 30, 2016 Opinion and the Superior Court's non-precedential decision of June 13, 2017; these facts are incorporated by reference as if fully set forth.

At the August 6, 2019 Hearing, victim J.M.P. partially recanted his trial testimony; however, the recantation testimony was in part self-

3

contradictory. Specifically, J.M.P. indicated that his stepmother, Jennifer

P            , physically abused J.M.P. and motivated him to provide false

testimony during Defendant's trial. Furthermore, J.M.P. testified that since

leaving P        .'s home, he had renewed contact with Defendant's

daughters, B      and A        , whom J.M.P. considers to be his

stepsisters. He testified that he communicates with B.        through

Facebook Messenger, and "told her that I apologized for everything that

happened and I felt bad and I was hoping she wouldn't hate me[.]" Notes of

Testimony, Aug. 6, 2019, at 10 (henceforth N.T., date, at __). J.M.P.

further testified that he had not spoken about the case with his brothers,

who are co-victims, and specifically remembered that during the trial

victims R.A.S. and J.M.P. had been sequestered and not heard each other

testify. *Id.* at 20. Maternal grandmother, now adoptive mother, also testified

to corroborate J.M.P. told her he previously testified falsely.

On December 17, 2019, Jennifer Pannebaker convincingly testified

that she did not tell J.M.P. what to testify to in Court nor did she ever

physically abuse him. N.T., Dec. 17, 2019, at 11-12. She further explained

she has no relationship with Defendant and therefore no reason to make up

or prompt J.M.P. to make false allegations of abuse. *Id.*, at 16. Finally, she

testified that J.M.P. has many emotional problems, was in therapy, and

may be seeking assurance or a connection with his family by recanting. *Id.*, at 17-18.

## DISCUSSION

*Statement of Law* - It is well-settled that "[r]ecanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. There is no less reliable form of proof, especially when it involves an admission of perjury." *Commonwealth v. Loner*, 836 A.2d 125, 135 (Pa. Super. 2003) (citing *Commonwealth v. Mosteller*, 284 A.2d 786, 788 (Pa. 1971)). The Pennsylvania Supreme Court has established that when it comes to recantation testimony, "there is no less reliable form of proof, especially when it involves an admission of perjury." *Commonwealth v. Coleman*, 264 A.2d 649, 651 (Pa. 1970). "Credibility is the key when a new trial is sought on the basis of recanted testimony." *Commonwealth v. Fernandez*, 332 A.2d 819, 821 (Pa. Super. 1974). Therefore, the trier of fact must assess the credibility and significance of the recantation in light of the evidence as a whole. *Commonwealth v. D'Amato*, 856 A.2d 806, 825 (Pa. 2004).

*Application of law to the facts* - Defendant's appeal for a new trial based on recanted testimony of one victim should be denied because the recantation testimony is not credible. J.M.P. testified that he had perjured

5

himself during Defendant's trial. He stated that at the time of his original testimony, when he was age 12, he did not understand the importance of telling the truth and that he feared his stepmother and father more than he feared the courts. However, J.M.P., now age 17, only partially recants the claims he made against Defendant. J.M.P. new claim is that there was no sexual abuse, but he adamantly maintains he told the truth regarding physical abuse. Aside from wanting to cherry-pick which previous testimony was truthful and which was not, J.M.P.'s limited retraction is further undermined by the fact that the now-recanted trial testimony was corroborated by R.A.S. and other victims who did not hear J.M.P. testify, and who had no detectable motive to testify falsely.

This court cannot discern an apparent motive for J.M.P. to testify falsely at trial, but can discern that there is now a clear motive to testify falsely at the recantation hearing in light of J.M.P.'s and Jennifer Pannebaker's testimony that he is working to reestablish a relationship with his stepsisters—Defendant's daughters. The recantation testimony is significant to J.M.P. because it allows him to the opportunity to build a familial relationship; however, it is less significant overall because in light of the all the evidence presented at trial the underlying claims against Defendant have been corroborated by multiple witnesses and multiple

6

victims.  This new testimony is wholly unsatisfactory; therefore, in assessing the credibility and significance of the recantation in light of the evidence as a whole, this court is compelled to reject J.M.P.'s second version of the crime.  For the reasons stated *supra*, J.M.P.'s recantation testimony is determined to be unsatisfactory and insufficient to warrant a new trial.  Accordingly, Defendant's instant appeal should be denied.

By the Court,

Thomas A. Placey     C.P.J.

Distribution:
Courtney Hair LaRue, Esq.
Allen C. Welch, Esq.
Court Administration

Copies mailed on_____ AUG 2 0 2020

Copies delivered on AUG 2 0 2020